## Freed, Appellant, *v.* Power.

Argued January 13, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*C. Laurence Cushmore, Jr.,* with him *Leroy E. Perper,* and *White, Williams & Scott,* for appellant.

*Herbert L. Floum,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 26, 1958:

This is an appeal from an order of the Court of Common Pleas No. 5 of Philadelphia County reversing the grant of a variance by the Philadelphia Zoning Board of Adjustment to Baldwin Overall Service, Inc.

Prior to the adoption of any zoning ordinance by the City of Philadelphia, Baldwin Overall Service, Inc., (herein called Baldwin) was the owner of premises 1724-34 North 8th Street whereon it conducted a laundry business. When the zoning ordinance was adopted the area was classified as D-1 Residential, a classification which prohibited the conduct of a laundry business. The laundry business continued as a nonconforming use.

On July 22, 1954—after passage of the zoning ordinance—Baldwin purchased premises 1736-42 North 8th Street upon which were located several one-story dwellings which Baldwin tore down and demolished.

Baldwin then applied to the Zoning Board of Adjustment for permission to construct, partly on the same premises where the non-conforming use existed and partly on its lately acquired vacant land, two one-story buildings to be used as (a) a private state inspection station and repair shop for the laundry's own trucks, and (b) a loading and shipping room. After two duly advertised hearings at which no one appeared to protest, the Zoning Board of Adjustment granted Baldwin's application for a variance with an attached condition that all loading and unloading of the laundry trucks be done off the street.

M. Philip Freed, who lives in the general neighborhood but on a street one removed from the area in question, appealed from the decision of the zoning board to the court of common pleas. The court below, although it took no testimony, reversed the grant of the variance by the zoning board. From that order this appeal was taken.

The original zoning ordinance was adopted pursuant to a legislative enactment authorizing zoning in cities of the first class.[1] The Home Rule Charter of Philadelphia[2] vested the legislative power of the city exclusively in its council. The City Council of Philadelphia on December 31, 1955 adopted its Code of General Ordinances of the City of Philadelphia, which included a complete system of zoning and planning.[3] The right of the City Council to adopt a comprehensive system relating to zoning within the city is well established: *Kelly v. Philadelphia*, 382 Pa. 459, 470, 115 A. 2d 238.

Neither under the Act of 1929, supra, nor under the city ordinance was any provision made for an appeal

---

[1] Act of May 6, 1929, P. L. 1551, 53 PS §14752, et seq.

[2] Act of April 21, 1949, P. L. 665, 53 PS §13101, et seq. ..

[3] Code of General Ordinances of the City of Philadelphia, Title 14, §14-1802(1)(a), §14-1803(3).

from the court of common pleas. In the absence of a statutory provision providing for an appeal from the decision of an administrative board, our review is upon broad certiorari. In *Archbishop O'Hara's Appeal*, 389 Pa. 35, 50, 131 A. 2d 587, we said: "In view of the silence of the statute on the subject of appeal from the order of the lower court the scope of our review is certiorari in the broadest sense and we review the record 'only to see whether there is evidence to sustain the court's findings and whether the proceeding is free from a violation of law and any manifest abuse of discretion': Food Corporation v. Zoning Board of Adjustment, 384 Pa. 288, 293, 121 A. 2d 94; Kaufman Const. Co. v. Holcomb, 357 Pa. 514, 55 A. 2d 534." See also: *Dauphin Deposit Trust Company v. Myers,* 388 Pa. 444, 460, 130 A. 2d 686.

The court below based its reversal of the zoning board upon the ground that the board treated the petition for variance as an extension of a non-conforming use and that the record before the board indicated a lack of consideration of material matters. The court below clearly erred in this respect. It was not the function of the court below to substitute its findings for that of the board but, on the contrary, simply to ascertain whether the board's findings and conclusions were supported by adequate evidence and whether the board abused its discretion. An examination of the record indicates that there was adequate evidence to support the findings and conclusions of the board and the board did not commit any abuse of its discretion in granting the variance.

In view of the conclusion reached it is unnecessary to pass upon the several other questions raised by appellant.

Order reversed. Costs to be paid by appellee.