Bruce Rothrock, Appellant, *v.* The Zoning Hearing Board of Whitehall Township, Appellee, and Robert F. Brennen and Catherine Brennen, Intervening Appellees.

Argued April 4, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Paul M. Eyster,* for appellant.

*James C. Lanshe,* with him *Lanshe, Lanshe and Lanshe,* for intervening appellees.

OPINION BY JUDGE MENCER, May 13, 1974:

This is an appeal by Bruce Rothrock (Rothrock) from an order of the Court of Common Pleas of Lehigh County affirming a decision of the Whitehall Township Zoning Hearing Board (Board) denying his application for a permit to maintain a free-standing sign on his property.

Rothrock has conducted an automobile sales business at Fifth and Pennsylvania Streets in the Township of Whitehall since sometime in 1960, at which time his property was zoned for such use. In 1968 the zoning of this location was changed to R-2 (residential), and Rothrock's business, which was not permitted in an R-2 zone, became a nonconforming use. In 1971 the

township zoning code provisions regarding signs were amended.

In May of 1973, without a permit, Rothrock removed a sign which had been on his property prior to the 1968 zoning change and replaced it with a new sign. There is no dispute that this old sign was part of the nonconforming use of Rothrock's property created by the 1968 zoning change.

After receiving notice from the township zoning officer that a permit was necessary for his new sign, Rothrock applied for a permit on the ground that he was "restoring and renewing a noncornforming use." His application was denied by the zoning officer and the Board on the basis that it did not conform to the provisions of the 1971 ordinance regulating signs. After Robert F. Brennen, a neighbor, was permitted to intervene, the Court of Common Pleas of Lehigh County affirmed the decision of the Board. This appeal by Rothrock then followed.

Our scope of review in zoning cases in which, as here, the court below did not take additional testimony is limited to a determination of whether the Board abused its discretion or committed an error of law. *The Boulevard Land Corporation v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 584, 303 A. 2d 234 (1973). A review of the Board's opinion convinces us that the Board erred as a matter of law in denying Rothrock's application for a permit to maintain his sign as a continuance of a nonconforming use. We therefore reverse.

We agree with Rothrock that the only real issue involved in this appeal is whether, in replacing the old sign with a new sign, he was continuing the same nonconforming use or instituting a different or changed use.

We note that the zoning ordinance of Whitehall Township is silent on the question of whether a non-

conforming sign may be replaced or restored.[1]  Therefore, our resolution of this question will be governed by the case law on this point.

An examination of the record reveals that Rothrock's new sign is similar to his old one, a fact implicit in the Board's opinion which stated, *inter alia,* that the only differences in the signs were that (1) the new sign had the words "Datsun—used cars", while the old sign read "Datsun—Sales and Service", and (2) the new sign had a new concrete base at a different location.[2]  In addition to the differences found by the Board, Rothrock admits in his brief that the new sign is supported by two steel poles whereas the old sign had only one pole.

We find that the differences between the old and new signs are de minimis, as the pictures of these signs in the exhibits in the record so clearly reveal.  Our research of the applicable case law indicates that a similar question was presented to the Court of Common Pleas of Philadelphia County in the case of *Alden Park Corporation v. Philadelphia Zoning Board of Adjustment,* 84 Pa. D. & C. 40 (1952).  While we are not bound by the reasoning of the court in that case, we are persuaded that it is correct and we therefore adopt it.

In *Alden Park* the facts were strikingly similar to the facts in the present case.  There a permit for a new sign to replace a sign that had been permitted as a

---

[1] Although the township ordinance states that nonconforming signs "may continue to be maintained . . . for a period of seven (7) years . . .", the ordinance is silent as to whether a nonconforming sign may be replaced or restored during this period.

[2] This finding is misleading in that an examination of pictures of the two signs from exhibits in the record reveals that the signs are located substantially at the same location.  Counsel for appellee admitted at oral argument that the locations were different by only 9 inches.

nonconforming use was denied by the zoning board because the location was changed by 9 feet and the new sign was stainless steel, whereas the old one had been made of wood. The Court of Common Pleas of Philadelphia County reversed the zoning board, holding (1) that the nonconforming right to maintain a sign is not limited to the exact kind, style, and location of the old sign and (2) that the changes in the new sign were de minimis and would not justify a refusal to approve such sign.

In conclusion, we now hold that Rothrock's new sign was merely a continuation or modernization of his old sign and, therefore, his application for a permit for such sign should have been granted.

The order of the Court of Common Pleas of Lehigh County is reversed, with direction to remand this case to the Whitehall Township Zoning Hearing Board for action not inconsistent with this opinion.