## Springton Tennis & Racquet Club Appeal

*Joseph A. Damico, Jr.*, for appellant.
*Anthony R. Semeraro*, for appellee.

McGOVERN, *J.*, December 12, 1977—Springton Tennis and Racquet Club (hereinafter called "appellant") filed an appeal from the imposition of a certain restriction by the Marple Township Zoning Hearing Board (hereinafter called "board") on appellant's application for a special exception to construct 11 outdoor tennis courts. The Township of Marple filed a timely notice of intervention in support of the decision of the board.

Appellant has raised two issues in this appeal challenging the board's power to impose a front

yard setback greater than that required in the zoning ordinance, and challenging whether or not a restriction imposing a 100-foot setback is reasonable as it is supported by the record.

## FACTS

Appellant is the lessee of approximately 15 acres of land with a building thereon, on the eastern side of the Paoli-Newtown Media Road (Route 252), Marple Township, Pa. The subject premises, located in an RA residential district, currently contains an indoor tennis facility, pursuant to a special exception granted by the Court of Common Pleas of Delaware County on May 8, 1974 (no. 11800 of 1973). There is no dispute as to appellant's right to a special exception.

Appellant, in February 1977, requested the special exception to build 11 outdoor tennis courts on 5 acres of the subject premises. A public hearing was held on March 16, 1977, after which the board, by decision dated April 27, 1977, granted the special exception, subject to certain restrictions, including the restriction in question, set forth on page 8 of the decision, as follows:

"Finally, there is concern for the safety of users of this busy highway from flying tennis balls. This thought; along with the established front setback of the existing building prompts us to condition that the street line of these outdoor courts be in line with the existing front building line of the present buildings."

Appellant contends that the present building is set back 100 feet from the street line for Route 252, and that due to the sharp drop in grade at the rear of

its property, said setback would deprive it of 4 of the 11 courts.

Exhibit "A-4," introduced by appellant at the hearing, sets forth the proposed layout of the outdoor courts. The group of courts nearest Route 252 will be set back 60 feet from the existing paved area of Route 252, and 40 feet from the right of way. The courts will run parallel to Route 252. The area between the road and the first group of courts contains many trees, and is heavily shrubbed. All the existing trees and shrubs will be preserved. Furthermore, the courts will be surrounded by a 10-foot high fence. The outdoor courts will be operated during daylight hours only, and there will be no lighting in connection therewith. The record contains no testimony or evidence of any nature concerning a danger of tennis balls exiting the courts and approaching the road. There is no testimony whatsoever questioning the adequacy of the 10-foot high fence surrounding the courts, or of the adequacy of the screening from the road. Furthermore, the record contains no evidence whatsoever that the proposed setback would be inadequate should a ball exit a court toward the road.

The board's decision contains, inter alia, the following:

## FINDINGS OF FACT

5. Applicant proposes a 40-foot setback on the front of this property; although the established front setback line of the existing building appears to be in excess of 40 feet.

13. There is no showing that the inclusion of these outdoor courts to this existing use will adversely affect the health, safety, morals or general

welfare of this community.

14. The application, as amended, should be approved as enumerated herein.[1]

## CONCLUSIONS

2. This application for a special exception to extend this existing use as enumerated herein will not adversely affect the health, safety, morals or general welfare of this community.

13. Applicant must install and maintain regularly accepted fencing enclosures normally included around outdoor courts as provided herein.

14. Tennis balls often go over the fence. Applicant must provide sufficient setback off of the Paoli-Newtown and Media Road (as enumerated herein) in order to prevent flying balls from going on to this heavily traveled road.

Since no additional testimony was taken before this court, our review is limited to a determination of whether the board abused its discretion or committed an error of law in imposing the challenged restriction: Rothrock v. Zoning Hearing Board of Whitehall Township, 13 Pa. Commonwealth Ct. 440, 319 A. 2d 432 (1974).

## I. BOARD'S POWER TO IMPOSE CONDITION IN EXCESS OF THAT REQUIRED BY ZONING ORDINANCE

Appellant contends that article IV, sec. 85-14, of the Marple Township Zoning Ordinance requires a minimum front yard depth of only 50 feet, and

---

1. The reference to the application "as amended" appears to refer to applicant's deletion of three paddle tennis courts from its plan. See finding of fact no. 7; notes of testimony of hearing on March 16, 1977, page 9. (Footnote supplied.)

therefore, this board has no power to impose a setback requirement in excess thereof, as a condition to granting the special exception. We disagree.

Section 913 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10913 provides in pertinent part: " . . . in granting a special exception, the board may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance."

Robert S. Ryan in his treatise, Pennsylvania Zoning Law and Practice, has addressed this issue in section 9.4.18, and reasoned:

"Where a zoning board or a court finds that a use is permitted of right under the zoning ordinance, there would seem to be no basis for the imposition of restrictions on the use greater than those specified in the ordinance itself. It is otherwise where a zoning application involves a request for a special exception or a variance. Both types of applications require a determination whether the permission, if granted, will be injurious to the public interest. Since a zoning board has power to deny an application where the evidence shows that it would be contrary to the public interest, it necessarily possesses the lesser power to impose restrictions on the permit designed to eliminate its objectionable features . . .
" . . .

"Since the validity of conditions or restrictions imposed on a zoning permit depends on the relation of the limitations to the protection of the public interest, the scope of permissible conditions depends almost entirely on the evidence and circumstances present in the particular zoning appeal."

While the board indeed has the power to impose conditions to remove objectionable features which would be contrary to the public interest, these conditions must be reasonable and must be supported by the record.

## II. REASONABLENESS OF 100-FOOT SETBACK CONDITION

The power of the board to impose conditions is not unfettered. The conditions must bear a reasonable relation to the health, safety, morals and general welfare of the public: Van Sciver v. Zoning Hearing Board, 396 Pa. 646, 152 A. 2d 717 (1959).

If the record is devoid of support for the restriction, it may be stricken: Middleton Motels, Inc. v. Zoning Hearing Board of Middletown Township, 61 Del. Co. 508 (1974); Kenneson v. Whitemarsh Township, 97 Montg. 191 (1973).

The record in the case at bar is devoid of testimony of concern with the proposed setback, or with the possibility of a tennis ball being hit over the 10-foot fence, traveling over 60 feet of trees and dense shrubbery and landing onto Route 252. Indeed there is no reference in the record to any concern for such a possibility. The board's decision contains no finding of fact concerning this issue. On the contrary, the board specifically found and concluded that this application would not adversely affect public health, safety, morals or general welfare of this community. The zoning board must base its findings of fact from the evidence in the record only. See Garner v. Zoning Board of Adjustment, 388 Pa. 98, 130 A. 2d 148 (1957).

In view of the evidence concerning the positioning of the courts, the existence of a 10-foot high fence around the courts, and the existence of 60 feet

of shrubbery and trees screening the road, and the total lack of testimony or other evidence in support of the setback restriction, the board has abused its discretion in imposing such a restriction.

## ORDER

And now, December 21, 1977, upon consideration of the appeal of Springton Tennis & Racquet Club, and after a thorough review of the record, and consideration of briefs filed and arguments made, it is hereby ordered and decreed that:

1. The decision of the zoning hearing board of Marple Township granting a special exception to appellant to construct 11 outdoor tennis courts is hereby affirmed.

2. The condition imposed by said zoning hearing board requiring a setback of 100 feet from the Paoli-Newtown Media Road (Route 252) is hereby stricken as not being supported by the record; and further, appellant is required to conform to the provision of the applicable ordinance.