# Wallace v. Tunkhannock Borough Zoning Hearing Board

*J. Joel Turrell*, of *Farr, Davis, Turrell & Fitze*, for appellant.

*John R. Morgan, Solicitor*, for appellee.

GARDNER, *P.J.*, November 22, 1978—This matter is an appeal from a refusal by the zoning board of adjustment of Tunkhannock Borough, Wyoming County, Pa., also referred to in the above caption as the Zoning Hearing Board of Tunkhannock Borough, to permit a variance to appellant, the owner of an advertising sign located at the intersection of the Lehigh Valley Railroad right-of-way and Pennsylvania State Highway routes numbers 29 and 309, the approach roadway to the Susquehanna River bridge. The present sign was erected prior to the enactment of the borough's zoning ordinance and has continued as a non-conforming use in that it is 288 square feet in size, 88 square feet greater than the permitted size of such signs under the ordinance: Zoning Ordinance, 14-5004(b).

The Commonwealth of Pennsylvania is presently erecting a new bridge across the river, and as a result, Routes 309 and 29 will be relocated easterly of the present site. As a consequence, appellant applied for a permit to relocate its sign to other lands so as to have nearly the same relationship to

the relocated highway as its present position. The relocation point is approximately 55 feet southeast of the present site.

Section 5004(d)(2) of the zoning ordinance requires that a permit be issued for the alteration of any advertising sign. However, no criteria for the issuance or refusal of such permits is set forth.

The ordinance further provides, in section 14-5007, that a legal non-conforming use may be "continued, repaired, maintained, and improved," but it may not be enlarged more than "twenty-five percent of the existing floor area and/or lot area . . . "

Obviously, the sections previously quoted cannot be read to allow appellant's application to be a permitted use. Further, no section pertaining to advertising signs or any non-conforming use contemplates relocation of the use. Hence, under the terms of the ordinance, the instant matter must be considered an application for variance.

Section 14-6005 of the ordinance deals with variances which are confined to situations where "strict application" of the ordinance "would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other case."

Appellant urges us that the necessity for relocation results from no action on his part, but is that of the Pennsylvania Department of Transportation. Beyond this, appellant appears content to rely on Rothrock v. Zoning Hearing Board of Whitehall Township, 13 Pa. Commonwealth Ct. 440, 319 A. 2d 432 (1974), and Alden Park Corporation v. Philadelphia Zoning Board, 84 D. & C. 40 (1952), where signs were permitted to be moved small distances. However, we note that in both authorities cited, the signs remained within the confines of the

same parcel of land previously burdened with the non-conforming use.

Appellee also cites Rothrock, asserting that since no additional evidence was presented to this court, we are confined to a determination of whether the zoning hearing board abused its discretion or committed an error of law.

Appellee further argues (1) that Rothrock should be distinguished on the merits since there the sign was moved but nine inches, and here the requested move is 55 feet; (2) that a non-conforming use cannot be moved to another area of the municipality; and (3) it would be "poor planning and zoning practice" to allow relocation of the sign in its present size, although a 200 square foot sign is a permitted use under the ordinance.

We agree with appellee's procedural argument as to the scope of our review. Rothrock is controlling.

As to the law, the general rule is that the location of a non-conforming use may not be changed: Rathkopf, The Law of Zoning and Planning, ch. 58, p. 27; Humphreys v. Stuart Realty Corporation, 364 Pa. 616, 73 A. 2d 407 (1950). While a non-conforming use may be extended in scope as the business increases in magnitude, it clearly may not be so extended over ground not occupied at the time of the passage of the zoning ordinance: Schaffer v. Zoning Hearing Board of Upper Darby, 32 Pa. Commonwealth Ct. 261, 378 A. 2d 1054 (1977).

In order to vary or negate the application of the rule above cited, the appellant must carry the burden of proof that refusal of the variance would cause unnecessary hardship uniquely affecting his property: Schaffer v. Zoning Hearing Board of Upper Darby, supra, and Schaub Appeal, 180 Pa. Superior Ct. 105, 118 A. 2d 292 (1955).

Economic or financial hardship per se will not sustain appellant's burden: Cooper v. Board of Adjustment, 412 Pa. 429, 195 A. 2d 101 (1963). Also, the result of the variance, if granted, must not clash with the general scheme of zoning provided by the ordinance: Schaub Appeal, supra.

No testimony or other evidence was provided the zoning hearing board, or at least no transcript of any testimony was provided this court with the assertion that it had been previously presented to the board. Apparently, the zoning hearing board decided the instant matter on the basis of the application itself.

At any event, no additional evidence was produced in this court.

Consequently, we have nothing that can be used as a standard and are forced to conclude that appellant's burden has not been sustained. In addition, we are not permitted to substitute our findings for the board's even if we were to differ in conclusion: Freed v. Power, 392 Pa. 195, 139 A. 2d 661 (1958).

We are bolstered in our determination of this matter, as the zoning hearing board was, by the fact that it would appear likely that appellant probably would be successful in obtaining a permit for the erection of a new, relocated sign as long as it was restricted to 200 square feet, the maximum size permitted by the ordinance. It is difficult for us to equate a reduction of 88 square feet, which would be the effect of a relocated compliant sign, with the concept of "unnecessary and unique hardship."

In reaching our conclusion, we are not unmindful of a contrary result reached in Frick Transfer, Inc. v. Zoning Board of Adjustment of Forks Township,

40 Northhamp. 72 (1970). There a state highway was relocated, and it reduced or made inaccessible petitioner's parking area and maintenance garage. Petitioner conducted a business which was a legally existing non-conforming use predating the zoning ordinance involved. The court authorized a variance to use a new piece of land, concluding that such a variance would not alter the essential character of the neighborhood nor substantially or permanently impair the appropriate use or development of adjacent property, nor was the same detrimental to public welfare. The court applied what it called the "new land limitation" and said that the "most recent trend is to permit such extension even to lands not previously related to the non-conforming use," citing Peirce Appeal, 384 Pa. 100, 119 A. 2d 506 (1956); Mack Appeal, 384 Pa. 586, 122 A. 2d 48 (1956), and Freed v. Power, supra.

The writer of this opinion has great respect for Judge Grifo, the author of the Frick decision. However, we disagree. Neither the Peirce nor Mack cases involved additional land. We also believe Freed is distinguishable.

In Freed, the decision was procedural in that the appellate court held that the lower court had exceeded its review authority by substituting its findings for the zoning hearing board. Further, the Freed situation is really a use "accessory" to the non-conforming use. Consequently, we do not feel that Judge Grifo's selection of authorities was supportive of a doctrine (the "new land limitation") which our research has not revealed as having any other advocates.

Although the Frick, Peirce, Mack and Freed cases are not analogous to the instant situation, we

feel that this line of authority should be cited in the hope that it would lend clarification to the general subject matter of the instant proceeding.

In this matter, we conclude that the Tunkhannock Zoning Hearing Board's conclusion was amply supported, did not constitute an abuse of discretion nor an error of law.

## ORDER

And now, November 22, 1978, for the reasons set forth in the opinion of even date filed in the above-captioned matter, it is ordered that the appeal from the decision of the Zoning Hearing Board of Tunkhannock Borough in the above-captioned matter be and the same is hereby dismissed.