Park Outdoor Advertising Company, Petitioner v. Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued October 15, 1984, before Judges WILLIAMS, JR. and MACPHAIL and Senior Judge BARBIERI, sitting as a panel of three.

*Charles Witaconis, Ralph P. Carey & Associates,* for petitioner.

*Glenn R. Davis,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, December 27, 1984:

This is an appeal from an order of the Department of Transportation (DOT) affirming the revocation of sign permits pursuant to the Outdoor Advertising Control Act of 1971 (Act), Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §2718.101-§2718.115 and the regulations promulgated thereunder. We affirm.

On September 16, 1983, DOT notified Park Outdoor Advertising Company (Petitioner) that three of its billboards located along Route 11, Larksville Borough, Luzerne County, Pennsylvania, were in violation of the Act because they were newly built in a conservation area. On October 8, 1982, DOT notified Petitioner that it intended to revoke the sign permits in accord with the provisions of the Outdoor Advertising Devices Regulations, 67 Pa. Code §445.6(e)(1). On October 26, 1982, Petitioner appealed from that notice.

A hearing was held, after which the hearing examiner concluded that the signs in question had been abandoned as defined at 67 Pa. Code §445.8(b)(5); that new billboards had been erected in violation of the Act; and that Petitioner must remove the abandoned signs. Petitioner filed exceptions which were dismissed by DOT on September 21, 1983, at which time DOT confirmed the hearing examiner's report. The instant appeal followed.

The revelant facts are uncontroverted. From 1952 to 1982, the three billboards in question were comprised of a metal poster panel surrounded by a wooden frame supported by wooden stands. These signs were nonconforming signs as defined by the Regulations.[1] In 1982, the Petitioner changed the signs so that they now have a metal poster panel surrounded by a metal frame and catwalk, supported by a single steel post.

Initially, Petitioner contends that DOT exceeded its authority in promulgating the regulation pertaining to abandoned signs. In pertinent part, 67 Pa. Code §445.8(b)(5) and (c) provides:

(b) *Abandoned sign defined.* The following signs shall be presumed to be abandoned. . . .

(5) A nonconforming sign, otherwise compensable under section 9 of the act (36 P.S. §2718.109), which since the date on which the sign became eligible for compensation, has been enlarged, illuminated, or structurally improved in any manner (except normal repairs) or the location of which has been changed. . . .

(c) *Removal of abandoned signs.* Signs that are abandoned shall be removed by the per-

---

[1] A nonconforming sign is defined as "a sign which was legally erected but which does not conform to the requirements of the act." 67 Pa. Code §445.2.

sons responsible for the erection or maintenance thereof. . . .

Our Supreme Court in *Uniontown Area School District v. Pennsylvania Human Relations Commission*, 455 Pa. 52, 77, 313 A.2d 156, 169 (1973) distinguished between appropriate rule-making authority and the inappropriate abuse of that authority, noting that in examining an agency's exercise of its legislative rule-making authority,

> [a] court, in reviewing such a regulation, "is not at liberty to substitute its own discretion for that of administrative officers who have kept within the bounds of their administrative powers. To show that these have been exceeded in the field of action . . . involved, it is not enough that the prescribed system of accounts shall appear to be unwise or burdensome or inferior to another. Error or unwisdom is not equivalent to abuse. What has been ordered must appear to be 'so entirely at odds with fundamental principles . . . as to be the expression of a whim rather than an exercise of judgment.' "

(Quoting American Telephone & Telegraph Co. v. United States, 299 U.S. 232, 236-37 (1936).)

Under this standard of review, the challenged regulation must be sustained. Regulations authorizing the removal of the signs no longer consistent with the stated purposes of the Act to preserve natural beauty and promote the welfare, convenience and re-creation of public travel and still maintain reasonable, orderly and effective outdoor advertising, are well within DOT's rule-making authority. *See* Section 6 of the Act, 36 P.S. §2718.106.

Petitioner next contends that the provisions of the Act do not apply to the subject billboards because they were built prior to the effective date of the Act which

was December 15, 1971. 36 P.S. §2718.101. The hearing examiner found that the original wooden billboards were erected in 1952; however, he also concluded that the signs, as they now stand, were newly *erected* in 1982, after the effective date of the Act. Section 3 of the Act, 36 P.S. §2718.103(2) defines "erect" to mean:

> to construct, build, assemble, place, affix, attach, create, paint, draw, or in any other way bring into being or establish, but it shall not include any of the foregoing activities when performed as an incident to the change of advertising message or *customary maintenance and repair of a sign or sign structure.* (Emphasis added.)

Petitioner contends that the 1982 changes in the sign and its structure were customary maintenance and repairs rather than the erection of new signs. We do not agree. Repairs imply that there has been decay or damage. The record does not disclose the reason for the change from wood to metal and no evidence was presented to the hearing examiner from which it could be concluded that the billboards' overhaul was incident to normal repairs. On the contrary, we are of the opinion that the substantial changes in the sign structure were too extensive to be considered a repair or customary maintenance.[2] The conversion from wood to metal went beyond that of a normal repair.

Finally, we agree with DOT that this conversion constitutes a "structural improvement" as used in 67 Pa. Code §445.8(b)(5). Inasmuch as we have determined that DOT did not err when it found that the subject billboards did constitute non-conforming signs and that they were structurally improved, it follows

---

[2] Restoration of damaged or partially destroyed nonconforming signs is controlled by 67 Pa. Code §445.7.

that DOT's conclusion that this conversion constituted an abandonment is likewise correct. DOT's removal order, authorized by 67 Pa. Code §445.8, must be affirmed.

Petitioner maintains that DOT must compensate them for the removal of the three billboards under Section 9 of the Act, 36 P.S. §2718.109. Section 9 provides in part that:

> a) Just compensation shall be paid upon the removal of any outdoor advertising device (1) lawfully in existence on the effective date of this act; . . . or (3) otherwise lawfully erected on or after the effective date of this act.

Though nonconforming, Petitioner's original wooden signs were lawfully in existence on the effective date of the Act; their subsequent abandonment and the erection of new billboards in 1982, however, exonerates DOT from liability since the new billboards were not in existence on the effective date of the Act, nor were they lawfully erected after the effective date of the Act.

## ORDER

The order of the Department of Transportation, dated September 21, 1983 at No. 006 A.D. 1983 is affirmed.