KEYSTONE OUTDOOR ADVERTISING, Louise Thomas and Gordon Thomas, Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1996.

Decided Dec. 26, 1996.

48

Vincent B. Mancini, Media, for petitioner.

William J. Cressler, Assistant Chief Counsel, for respondent.

Before McGINLEY and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Keystone Outdoor Advertising Co. (Keystone) and Louise and Gordon Thomas (Thomases), collectively (Appellants), appeal from a decision of the Secretary of the Department of Transportation (DOT) affirming the revocation of a sign/billboard permit issued to the Thomases, pursuant to the Outdoor Advertising Control Act of 1971(Act), Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §§ 2718.101–2718.115, and the regulations promulgated thereunder. DOT also denied Appellants' application for a new permit.

The issues in this case are (1) whether DOT erred in failing to recognize that Appellants are in conformity with 67 Pa.Code § 445.7, which addresses nonconforming signs, (2) whether DOT erred in determining that Appellants abandoned the billboard in accordance with 67 Pa.Code § 445.8 and (3) whether 67 Pa.Code §§ 445.7 and 445.8, which address reconstruction of nonconforming billboards are unlawful, invalid and unconstitutional.[1]

This court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law exists, or whether any findings of fact made by DOT and necessary to support its adjudication are not supported by substantial evi-

1. Appellants do not challenge DOT's refusal to issue them a new permit.

dence. *Miller's Smorgasbord v. Department of Transportation,* 139 Pa.Cmwlth. 385, 590 A.2d 854, 855 n. 3 (1991).

The billboard at issue, owned by the Thomases, has existed since the 1940's in a residentially zoned area as a valid nonconforming use. Sometime in 1992 or 1993, the sign was damaged by a storm. The three supports for the sign were telephone-type poles which were unaffected by the storm. (R.R. 274a.) Although the sign face was separated from the supports it remained intact. (*Id.*) The sign face was constructed of wood and metal and measured 16 feet × 40 feet, with a height of approximately 25 feet. Lights were located at the bottom of the sign. The Thomases held a permit for the original billboard, Permit No. 6–1938, which was annually renewed. The last renewal of the permit expired on December 31, 1993. Throughout the years, the Thomases leased the billboard to various advertisers.

After the sign was damaged by the storm, the Thomases contacted Keystone about assuming control and maintenance responsibility for the sign. Keystone viewed the site and entered into a lease with the Thomases in February, 1993, with the intent to remove the old sign structure and erect a new one. (R.R. 152a.) Keystone obtained a building permit from the township and erected a new sign, which is 10 feet–5 inches × 36 feet and 25 feet in height. The new sign is constructed of steel, with four upright steel I-beam supports. A new halogen lighting system was added. The new sign was erected some 10 feet further from the right-of-way than the old sign.

In July, 1993, DOT discovered that a new sign had been erected. DOT ordered that the sign be removed and revoked the permit for the previous nonconforming sign because it had been totally removed. The revocation was appealed and a hearing requested. In October, 1993, Appellants filed an application for a new permit for the new sign. DOT denied the application because the sign was located in a residential area and was therefore, a nonconforming use. Appellants appealed.

The revocation of the previous permit and the denial of the new permit were consolidated for a hearing. The hearing officer concluded that the nonconforming sign had been abandoned because it was replaced by a new sign of more durable materials and structurally improved. As Appellants had not notified DOT of the damage and the replacement, the hearing officer also concluded that the sign had been damaged to an extent greater than 50%. As stated by the hearing officer, nonconforming signs damaged by natural disaster may be repaired if, as determined by DOT, more than 50% of the value of the sign remains intact. On June 8, 1995, the hearing officer issued an order affirming both the revocation of permit No. 6–1938 and the denial of the permit application. Appellants filed exceptions to the hearing officer's report. On November 14, 1995, the Secretary of DOT denied the exceptions and made the report of the hearing officer final. This appeal followed.

In addressing the first issue, it must be determined whether DOT properly revoked Appellants' outdoor advertising device permit in accordance with the Act and applicable regulations. The restoration of damaged or partially destroyed nonconforming signs is governed by 67 Pa.Code § 445.7. Abandoned signs are governed by 67 Pa.Code § 445.8.

Section 445.7(b) states, in pertinent part:

(b) Nonconforming signs. Nonconforming signs shall conform with the following:

(1) If a sign is damaged or destroyed as a result of tortious conduct such as vandalism, the sign may be repaired or replaced by the sign owner.

(2) If a sign is damaged as a result of natural disaster or nontortious conduct so that 50% or more of its value remains intact, the sign may be *repaired* by the sign owner.

(3) The following apply to signs damaged or destroyed as provided in paragraphs (1) and (2):

(i) Determination of the value of the sign and the damage shall be made by the Department.

(ii) Replaced or *repaired signs shall be of equal or lesser dimensions and constructed of the same or less durable material than the sign being replaced or re-*

*paired and shall contain no improvements or additions.*

(iii) If a sign is replaced the replacement sign shall remain at the same location.

(iv) If a sign is destroyed or damaged as a result of natural disaster or other non-tortious conduct so that less than 50% of the sign remains intact, the sign may be repaired or replaced only in compliance with the provisions of this chapter. Determination of the value of the sign and the damage shall be made by the Department.

(v) Damaged or destroyed signs not replaced or repaired within 60 days of notice from the Department shall be considered abandoned.

(Emphasis added.)

Section 445.8(b)(4), (5) provides:

(b) Abandoned sign defined. The following signs shall be presumed to be abandoned:

. . . .

(4) A sign considered abandoned under § 445.7(b) (relating to restoration of damaged or partially destroyed nonconforming signs).

(5) A nonconforming sign, otherwise compensable under section 9 of the act (36 P.S. § 2718.109), which since the date on which the sign became eligible for compensation, has been enlarged, illuminated or structurally improved in any manner (except normal repairs) or the location of which has been changed.

▮▮▮ Appellants argue that DOT erred in determining that more than 50% of the sign was damaged such that repair was not permitted by 67 Pa.Code § 445.7(b)(2). Although Appellants never notified DOT of the damaged sign and removed the damaged sign before DOT could inspect it, and DOT was thus not able to determine the value of the sign damage as is required by § 445.7(b)(3)(i), Appellants maintain that they presented uncontroverted evidence that less than 50% was damaged so that repair was permitted in accordance with the regulations. However, this issue need not be decided as DOT also determined that, by replacing the old sign with materials stronger than the original materials, Appellants violat-

ed § 445.7(b)(3)(ii) and thus rendered the sign abandoned in accordance with § 445.8. Although Appellants maintain that they did not intend to abandon the use, proof of intent is not necessary where, as here, the structure is destroyed because the right to reconstruct a structure is extinguished by operation of law. *Korngold v. Zoning Board of Adjustment,* 147 Pa.Cmwlth. 93, 606 A.2d 1276 (1992), *petition for allowance of appeal denied,* 533 Pa. 614, 618 A.2d 404 (1992). By *completely* removing the old sign and replacing it with one constructed out of steel, not wood, and by adding halogen lighting, Appellants violated 67 Pa.Code § 445.7(b)(3)(ii), which states that repaired signs must be of equal or lesser dimensions, constructed of the same or less durable material than the sign being repaired and contain no improvements or additions.

In *Park Outdoor Advertising Co. v. Department of Transportation,* 86 Pa.Cmwlth. 506, 485 A.2d 864 (1984), this court determined that the owner of three nonconforming billboards, originally comprised of a metal poster panel surrounded by a wooden frame supported by wooden stands, and then changed to a metal poster panel surrounded by a metal frame and catwalk supported by a single steel post, structurally improved the billboards in violation of the regulations. 67 Pa.Code § 445.8(b)(5). Appellants contend that *Park* is distinguishable because, unlike the record in *Park,* the modifications of the billboard in this case were required because of storm damage to the original billboard. Appellants maintain that they merely repaired a decayed and damaged sign but did not structurally improve the billboard. However, as previously stated, Appellants removed the wood support posts and replaced them with steel beams, a more durable material, and in so doing, moved the site of the billboard ten feet.

Although Appellants rely on *Rothrock v. Zoning Hearing Board of Whitehall Township,* 13 Pa.Cmwlth. 440, 319 A.2d 432 (1974), for the proposition that the right to maintain a nonconforming sign is not limited to the exact kind, style and location of the old sign, that case is distinguishable. In *Rothrock,* this court determined that the owner of a

nonconforming sign could change the wording on the sign and replace the sign with a new concrete base at a different location. The court noted in that case that the question of whether a nonconforming sign may be replaced or restored was not addressed in the zoning ordinance. Here, regulations promulgated by DOT, not in effect at the time of the *Rothrock* decision, specifically address the replacement and restoration of nonconforming signs. Appellants also rely on *Trettel v. Zoning Hearing Board of Harrison Township*, 540 Pa. 430, 658 A.2d 741 (1995), wherein the Court held that a country club could replace an old nonconforming shed with a new larger shed, if, in doing so, no detriment would be caused to the neighborhood. In *Trettel*, the Court stated that the ordinance contained no prohibition on the repair or replacement of nonconforming structures that were still in use. Because regulations exist in this case concerning repair of nonconforming signs, *Trettel* is distinguishable.

■ Next, Appellants maintain that the regulations contained in 67 Pa.Code §§ 445.7 and 445.8 violate the equal protection clause, substantive due process and the taking clause. Specifically, Appellants contend that the regulations impermissibly distinguish between billboards damaged by tortious conduct and those that are destroyed by natural disaster or nontortious conduct. Thus, the owner of a billboard damaged by a tortious act, to the extent that less than 50% of its value remains intact, may reconstruct the billboard. However, the owner of a billboard which is damaged or destroyed by natural disaster or nontortious conduct, which has left the billboard less than 50% intact, is not permitted to reconstruct the billboard. Hence, the latter individual must come into compliance with the zoning restrictions while the former individual is permitted to continue the nonconforming use. By limiting the reconstruction of billboards based upon an arbitrary circumstance of destruction, Appellants argue that the regulations are invalid and in violation of substantive due process and equal protection of the laws.

■ Constitutional issues should not be addressed if the case can be decided on nonconstitutional grounds. *Friedlander v. Zoning Hearing Board*, 119 Pa.Cmwlth. 164, 546 A.2d 755 (1988). Here, we need not address those constitutional issued raised by Appellants as Appellants abandoned the nonconforming sign and erected an entirely new and structurally improved sign. Thus, the extent of the storm damage and the more liberal treatment on replacing signs destroyed by tortious conduct becomes irrelevant as Appellants chose to discard and abandon the sign.

■ Finally, Appellants contend that the regulations violate the taking clause of the Fifth Amendment that is applicable to the states through the Fourteenth Amendment. If an otherwise valid law severely diminishes value or impairs use of a parcel of land, the state or local government may be constitutionally obligated to compensate the owner. Appellants contend that action under § 445.7 and § 445.8 of the Code constitute a confiscatory taking of Appellants' interest in the leased land and the right to maintain a billboard thereon without due process of law and without compensation. *Pennsylvania Northwestern Distributors v. Zoning Hearing Board of Moon*, 526 Pa. 186, 584 A.2d 1372 (1991). A lawful nonconforming use establishes in the property owner a vested property right which cannot be abrogated or destroyed unless it is a nuisance, it is abandoned or it is extinguished by eminent domain. *Id.* Here, the nonconforming use was in fact abandoned as the nonconforming sign was completely removed by Appellants and a new sign erected ten feet away. Thus, no taking occurred.

Moreover, DOT contends that Appellants' reliance on *Moon*, wherein the court held that amortization of a nonconforming use constituted taking of personal property and such amortization provision of the ordinance was unconstitutional on its face because it took property without just compensation, is misplaced. Unlike *Moon*, in this case a cessation or abandonment of use, rather than amortization, is involved. As stated in *Korngold*, "[b]ecause no amortization provision is involved in the present case but only the cessation of a use, the holding in *Moon* sim-

ply has no applicability whatsoever." *Id.* 606 A.2d at 1281.

Accordingly, as Appellants abandoned the sign, DOT properly revoked the permit and the decision is affirmed.

## ORDER

NOW, December 26, 1996, the order of the Secretary of Transportation, at No. 045 A.D. 1994, entered November 14, 1995, is affirmed.