Kellman, Appellant, *v.* McShain.

Argued November 23, 1951. Before DREW, C. J., STERN, STEARNE, LADNER and CHIDSEY, JJ.

*I. Finkelstein,* for appellant.

*G. Coe Farrier,* Senior Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE LADNER, December 27, 1951:

Plaintiff appeals from the dismissal of his exception to an order of the Court of Common Pleas No. 6 of Philadelphia County which reads: "AND NOW, this 15th day of June, 1951, the appeal of the petitioner from the decision of the Philadelphia Zoning Board of Adjustment, refusing a zoning permit and a use registration permit to enclose the rear of premises 1235-1247 Crease Street, Philadelphia, is sustained and the decision of the Board is reversed. Petitioner is hereby granted the right to erect the building designated in the application provided, however, that *100 square feet of the area proposed to be covered in the application shall remain an open area.*" (Italics supplied.)

The only portion of this order complained of is the underlined proviso in the last sentence.

The plaintiff (here appellant) prior to the enactment of the Zoning Ordinance of Philadelphia became the owner of 1237-47 Crease Street, Philadelphia, which premises were used for a great many years as a stable for horses and wagons. He also obtained title to 1235 Crease Street August 1, 1947. This property had been used before the enactment of the Zoning Ordinance as a garage for trucks. The buildings did not conform to the open area requirements established by the ordinance.

An explosion in 1945 on the premises 1235 caused the adjoining wall to collapse together with a roof that was over the other premises owned by the plaintiff. Plaintiff now seeks to place a roof over the entire area owned by him. However, the portion used previously as a stable was covered by a roof that had in the center an opening 10 feet by 10 feet in size, through which, when the building was used as a stable, hay was lowered. At the time of the explosion and before the enactment of the ordinance part of the stable was used to garage trucks.

The proceeding arose through the building inspector's refusal on January 30, 1950, of a certificate to the plaintiff permitting the erection of a new roof in place of the one destroyed. An appeal to the Zoning Board of Adjustment was taken by the plaintiff. On February 18, 1950, the Board refused a variance and plaintiff then appealed to the Court of Common Pleas No. 6. The court found it was unable to dispose of the appeal in the state of the record brought before it because the Board obviously misconceived the nature of plaintiff's application and the issues involved. Consequently, in an opinion reported in 75 D. & C. 504, the court remanded the matter to the Board and requested

findings on the following questions, inter alia: whether the plaintiff had lost his right to .rebuild to a nonconforming use because the destruction was caused by direct explosion and not fire; (The materiality of this inquiry being that under the ordinance the right to rebuild to a nonconforming use where the property is destroyed by fire is limited to 3 years.) also whether a permit should issue to allow the plaintiff in reconstructing the destroyed roof to omit the opening in the center.

The Board, however, for some unaccountable reason ignored the very proper request of the court, obviously made only for the purpose of enabling proper disposition to be made of the appeal, and merely reconfirmed their previous order refusing the permit. Judge FLOOD, with admirable restraint, then proceeded to decide the question himself. On the basic question whether the plaintiff had lost his right to reconstruct to a nonconforming use, he held, "Fire and explosion are not the same, as can be seen in comparing their definitions in any dictionary. In law, it is constantly necessary to distinguish them because of the distinction made between them in insurance policies. Varano v. Home Mutual Fire Insurance Co., 164 Pa. Super. 228 (1949); Tannenbaum v. Fire Insurance Companies, 127 Pa. Super. 278, 284-5 (1937). In our opinion the regulation of the Philadelphia Zoning Ordinance requiring rebuilding following fire or condemnation to be begun within three years of destruction does not apply to rebuilding after an explosion. City Council has the right, by ordinance, to regulate rebuilding after an explosion. It has not done so. Until it has done so the right to rebuild after an explosion is not limited by the three year provision." With this statement we agree.

On the second question the learned judge held that to cover the open space on the roof required a vari-

ance from the board and that was beyond his power to grant involving as it does the exercise of a substantial discretion by the Board.

We are all of the opinion that no variance is required to rebuild a roof without leaving an open space in its center. We have said in *Humphreys v. Stuart Realty Corp.*, 364 Pa. 616, 621, 73 A. 2d 407, 409 (1950), "a non-conforming use cannot be limited by a zoning ordinance to the *precise* magnitude thereof which existed at the date of the ordinance." (emphasis supplied) In *Davis Appeal*, 367 Pa. 340, 80 A. 2d 789 (1951), which we decided several weeks after Judge FLOOD'S opinion and not reported until after his final order, we held that merely increasing the number of apartments within a building by interior alterations where the exterior walls remained unaltered, did not change the building's status under the nonconforming use provision of a zoning ordinance.

If the plaintiff here were attempting to extend the exterior walls of his building thereby covering a part of his lot not previously built on, we might have a different question. But that is not this case. Compelling the plaintiff to leave an open space in the center of his roof imposes an unnecessary limitation on his use of his property without conferring any benefit on the surrounding neighborhood. Indeed, it would seem that leaving the 10 foot square open space would virtually provide a chimney which would emit noise and noxious fumes from motor exhausts that would increase the discomfort of the neighborhood instead of alleviating it.

We therefore modify the final order of the learned court dated June 15, 1951, by striking out the proviso at the end thereof which reads, ". . . provided, however, that 100 square feet of the area proposed to be covered in the application shall remain an open area."

As thus modified, the decree below is affirmed. Each party to pay its own costs.