## Brown v. Zoning Board of Adjustment

*J. P. Devine*, for appellant.

*A. L. Freedman, City Solicitor, M. W. Bullock, Jr., R. H. Markowitz, Assistant City Solicitors*, for zoning board of adjustment.

FLOOD, J., August 3, 1956.—This is an appeal from the refusal of the board to grant a use registration permit to allow appellant, after demolishing the structure in which a nonconforming use has been carried on since 1922, to build a new structure to house it. Under the second application the new structure would be 27 percent larger than the existing one. He appealed to this court on the ground that the board has abused

its discretion. On this, under all the testimony, we would hold against him.

However, pending the argument before us, he wrote to the zoning board offering to reduce the new structure to a size only 22.7 percent greater than the present building. He now claims that such rebuilding is a matter of right, not discretion. With this we agree.

Section 14-104(7) of the Philadelphia Zoning Ordinance, provides that a nonconforming use may be extended in its existing location, provided the extension does not exceed 25 percent. The board objects that this permits only an addition to an existing structure and not the building of a new structure larger than the old. We cannot accept this.

1. If this were the correct conclusion of the provision, we doubt its constitutionality. It would, for instance, effectively take away a nonconforming use which had existed for a very long time before the ordinance in a building which was about to fall down, by preventing a rebuilding. This would be unfair as contrasted with a nonconforming use commenced in 1932 in a new building, so unfair as to amount to a taking of the property of the first user without due process of law, it appears to us.

2. The situation we have just referred to may have been in the mind of the council when the provisions of section 14-104(6) were enacted which allow a rebuilding within three years of a property destroyed by fire or legally condemned. Thus a nonconforming building destroyed by fire or become unsafe can be rebuilt. While this could not exceed the size of the destroyed building, that could immediately thereafter be increased up to 25 percent. We have heretofore held that a nonconforming use destroyed by an explosion can be rebuilt without any provision in the ordinance, and this holding was affirmed by the Supreme Court (Kellman v. McShain, 369 Pa. 14 (1951)) and the

reasoning of this opinion would cover destruction in any way other than as a result of fire or legal condemnation. Since, if destroyed, the building could be rebuilt, and the limitation as to height and area is confined to buildings destroyed by fire or condemned, it seems to us that appellant has a right to raze his building and rebuild it provided he does not increase its size by more than 25 percent.

In addition, it seems to us that the words "structural alteration" in section 14-104(7) must be construed to include rebuilding.

Under the present state of the record, the appeal cannot be sustained. If, however, the application is amended to accord with the request of appellant at the oral argument and in his brief filed, the application should be granted. The building must, however, conform to the ordinance as to set-back if it is rebuilt.

The record is remitted to the zoning board for further proceedings in accordance with this opinion.