AFSO Builders, Inc. and Frank Aleardi, Appellants, *v.* The Zoning Hearing Board of the Township of Upper Darby, Appellee.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Edward A. Savastio,* for appellants.

*George Koudelis,* for appellee.

OPINION BY JUDGE BLATT, January 18, 1974:

Frank Alcardi and Afso Builders, Inc. (appellants) sought to construct at 31-unit garden-type apartment building in Upper Darby Township in an R-1 Residence District, where such usage is not permitted.[1] They submitted a three-pronged petition: (1) for a variance, (2) for an extension of a nonconforming use and/or (3) for a special exception. The Township Zoning Hearing Board (Board) and the lower court on appeal affirmed the building inspector's denial of a building permit.

Because there was no new testimony taken by the lower court, our scope of review is limited to determining whether or not the Board clearly abused its discre-

---

[1] Article III, Section 301 of the Upper Darby Township Zoning Ordinance of 1938, provides that the following uses are permitted in an R-1 Residence District: (1) one-family detached dwelling, (2) public and religious school, religious use, (3) municipal use, and (4) accessory use as defined.

tion or committed an error of law. *Zoning Hearing Board v. Slavitz,* 3 Pa. Commonwealth Ct. 495, 284 A. 2d 337 (1971). We find that it did not.

The appellants contend that the subject property had been previously used as an apartment site and that, therefore, this nonconforming use should be permitted to be expanded. The expansion requested, however, would require a complete reconstruction, for the existing units were ordered demolished by the Court of Common Pleas of Delaware County on March 26, 1971, after multiple fires had left the buildings in a generally deteriorated condition. Mr. Aleardi testified for the appellants that, "all the tops [of the buildings] were burned off" and the interior areas of all of the structures were destroyed. In regard to the reconstruction of a nonconforming use, the Upper Darby Zoning Ordinance of 1938, Article XVI, Section 1608 provides that: "No building which has been damaged by fire or other causes to the extent of more than seventy-five (75%) per cent of its value shall be repaired or rebuilt except in conformity with the regulations of this Ordinance. No building which has been razed shall be rebuilt except in conformity with the regulations of this Ordinance." When a building has become so destroyed that complete reconstruction is necessary, it is clear that reconstruction may be barred by a zoning ordinance (absent a showing of extraordinary circumstances on the part of the owner) in the interest of the public health, safety, morals or general welfare. *Kellman v. McShain,* 369 Pa. 14, 85 A. 2d 32 (1951); *Berberian Zoning Appeal,* 351 Pa. 475, 41 A. 2d 670 (1945); *Ward's Appeal,* 289 Pa. 458, 137 A. 630 (1927). The appellants, therefore, were properly denied a permit for the reconstruction and expansion of the alleged nonconforming use.

In this case, moreover, the appellants did not even clearly establish that the nonconforming use (i.e., apartments) actually existed. Mr. Aleardi testified for the

appellants that there were six homes and one larger building on the property but that he did not know how many families lived there. A former resident of one of the homes, who has lived in the immediate neighborhood since 1927, testified that there never were more than seven families living in the homes at any one time, and in fact, that the structures have been unoccupied since 1965. The appellants' only evidence to the contrary was the sewer bill presented by Mr. Aleardi, showing the property listed for 1965-1971 as a multiple unit dwelling with eight units. Even by viewing the evidence most favorably for the applicants, it does not appear that the structures on the premises prior to the fires would have conformed with the Ordinance's definition of an "apartment," to wit,

"APARTMENT—A room or group of rooms in an apartment house or an apartment hotel designed for and occupied exclusively as a residence for only one family.

"APARTMENT HOUSE—A building designed for and occupied exclusively as a residence for *three, or more, families,* living independently of one another.

"APARTMENT HOTEL—An apartment house which provides meal service whether or not such service is available to the general public." (Emphasis added.) Upper Darby Zoning Ordinance of 1938, Article I, Sections 6, 7 and 8.

Besides asking for an expansion of a nonconforming use, of course, the appellants asked in the alternative for a variance. They offered no evidence whatever to support this request, however, and we need only reiterate that, ". . . in order to establish a right to a variance, an applicant must prove (1) unnecessary hardship which is unique or peculiar to the applicant's *property,* . . . and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare." (Emphasis in original.) *Marple Gardens v.*

*Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 439, 303 A. 2d 239, 241 (1973). It is clear that a variance here was properly denied.

The appellants' final alternative request for a special exception was also properly denied. Article III, Section 5 of the Upper Darby Zoning Ordinance of 1938 does not include apartments as a use which may be permitted in an R-1 Residence District as a special exception. The appellants, therefore, could not clearly prove that their proposed use was permissible under the terms of the controlling ordinance. *Jones v. Zoning Hearing Board,* 7 Pa. Commonwealth Ct. 284, 298 A. 2d 664 (1972).

We, therefore, affirm the order of the court below.