William A. Zeiders and Doretta L. Zeiders, His Wife, t/a/d/b/a B & L Garden Center, Appellants *v.* Zoning Hearing Board of Adjustment of West Hanover Township, Appellee.

Argued December 4, 1978, before Judges WILKIN-SON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Thomas W. Scott*, with him *Killian & Gephart*, for appellants.

*Robert P. Reed*, with him *Metzger, Wickersham, Knauss & Erb*, for appellee.

OPINION BY JUDGE WILKINSON, JR., January 17, 1979:

The owners of a garden center and nursery business (appellants) in West Hanover Township appeal an order of the Court of Common Pleas of Dauphin County affirming a decision of the Zoning Hearing Board of Adjustment (Board) of the township deny-

ing an application for a special exception to rebuild a shade house used in connection with appellants' business. We reverse.

Appellants constructed the shade house in 1958 to protect tender plants and for use as a sales area at the corner of their property located at Route 39 and Red Top Road in the township. Upon enactment of the township zoning ordinance in 1968 the shade house, constructed of wooden support beams and a wood slatted roof, was nonconforming with regard to a set-back requirement of 75 feet from the two roads, being located 52.5 feet from Route 39 and 32.83 feet from Red Top Road. Through the years, the support beams and roof gradually deteriorated due to exposure to the weather. After a windstorm destroyed a portion of the roof in March 1975, appellants removed the remainder of the structure, and, without securing a building permit, began reconstruction on the same foundation. After the township zoning officer informed appellants that a building permit was required, appellants applied for a permit which was denied because the proposed structure did not meet the set-back requirements. Subsequently, appellants sought a special exception from the Board, proposing to reconstruct the shade house using a tubular metal framework and plastic roofing material on the grounds the reconstruction was permissible under the zoning regulations providing for the continuation of nonconforming uses. The Board, however, concluded the regulation does not permit replacement or reconstruction where a building is demolished because of a natural deterioration. The common pleas court, without taking additional testimony, affirmed.

Appellants assert they are entitled as of right to a special exception because they have satisfied the conditions of Article IV of the township zoning ordinance

regarding the continuation, alteration and repair of nonconforming buildings. Accordingly, they allege the Board erred as a matter of law in interpreting the township ordinance.

Article IV provides generally that, "All lawful uses . . . existing on the effective date of this Ordinance may be continued, altered, restored, reconstructed, changed, sold or maintained even though such use may not conform to the use, height, area, yard and other regulations of the district in which it is located. . . ." Section C.1 of Article IV, titled "Alterations and Repairs," provides, "Repairs and structural alterations may be made to a nonconforming building or a building occupied by a nonconforming use." "Structural alteration" is defined in the ordinance as "[a]ny change in the supporting members of a building, such as bearing walls, columns, beams or girders."[1]

The township argues that these regulations do not authorize the replacement of a building which has gradually deteriorated through age or lost its utility. It is true that when a building has become so destroyed or deteriorated that complete reconstruction is necessary, such reconstruction may be barred by a zoning ordinance. *AFSO Builders, Inc. v. Zoning Hearing Board,* 12 Pa. Commonwealth Ct. 100, 314 A.2d 860 (1974). However, such restrictions must be specifically set forth in the ordinance and, absent such regulations, a landowner seeking to continue a valid non-

---

[1] The opinion of the common pleas court disposed of the application for a special exception only under Section C.2 of Article IV dealing with conditions imposed on "reconstruction" after a "fire, explosion or Act of God," although appellants have throughout this case maintained the right to a special exception pursuant to either Sections C.1 or C.2. Since we find that Section C.1 provides appellants with the authority to rebuild the shade house, we need not consider whether the court's application of C.2 to the facts in this case was in error.

conforming use must be permitted to do so. *Kellman v. McShain*, 369 Pa. 14, 85 A.2d 32 (1951).[2]

Here, the authorization to "repair" or "restore" nonconforming buildings is without qualification or condition.[3] Giving these words their plain meaning, an owner of a nonconforming use is authorized by the ordinance to replace structural elements of a building no longer in good condition. Certainly those words would apply to the replacement of the wood slatted roof which was partially destroyed in the 1975 storm. Further, the replacement of the wooden beams of the shade house expressly falls within the definition of "structural alteration" in the ordinance.

Finally, we find that the differences between the former wooden shade house and the proposed shade house of metal support and plastic roofing are de minimis in that such modernization constitute a reasonable continuance of a nonconforming use which must be granted to the property owner unless such a modernization is found injurious to the public health, safety or welfare. *See Rothrock v. Zoning Hearing Board*, 13 Pa. Commonwealth Ct. 440, 319 A.2d 432 (1974).

[2] In *Kellman v. McShain*, *supra*, our Supreme Court, with an opinion by Justice LADNER, affirmed a decision of the Court of Common Pleas No. 6 of Philadelphia County, with an opinion by Judge FLOOD, holding that a restriction in a Philadelphia zoning ordinance that a non-conforming building destroyed by fire must be rebuilt within three years did not apply to a non-conforming building destroyed by an explosion.

[3] Although appellants sought a special exception from the Board following the denial of a building permit, it is not clear from a reading of Article IV that the ordinance provides for appeal from the denial of a building permit through an application for a special exception, rather than a direct appeal from the denial of the permit. However, since the Board treated and the parties have briefed and argued this case as a special exception case, and since a determination of this procedural issue would not affect the result of this Court's decision, we will not consider it *sua sponte*.

650

Therefore, the township's reliance on cases where the property owner was seeking to change or expand a nonconforming use is misplaced for here the appellants are seeking only to continue to use their property in the same manner as before. *See, e.g., Hanna v. Board of Adjustment,* 408 Pa. 306, 183 A.2d 539 (1962).

Accordingly, we will enter the following

ORDER

AND Now, January 17, 1979, the order of the Court of Common Pleas of Dauphin County, at No. 1909 March Term, 1976, is hereby reversed, with direction to remand this case to the Zoning Hearing Board of Adjustment of West Hanover Township for action consistent with this opinion.