519 A.2d 1071

Daniel R. Tantlinger, Ronald O. Tantlinger and Ida P. Tantlinger, Appellants *v.* Zoning Hearing Board of South Union Township, Fayette County, Pennsylvania, Appellee.

74

Argued October 6, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Ralph C. Warman,* for appellants.

*Simon B. John,* for appellee.

OPINION BY JUDGE CRAIG, January 8, 1987:

The Tantlingers, as landowners, appeal from an order of the Court of Common Pleas of Fayette County which affirmed the South Union Township Zoning Hearing Board's refusal to permit the replacement of a mobilehome with a modular home, as an expansion or continuation of a nonconforming use, or pursuant to a variance. We affirm.

The landowners own two single-family residences on a lot located in a R-1 residential zone. One dwelling is a

conventional house, and the other dwelling is a mobile-home. The lot size is less than 15,000 square feet. The South Union Township Zoning Ordinance prohibits mobilehomes in a R-1 residential zone; the validity of the prohibition has not been attacked. The ordinance requires a minimum lot area of 22,500 square feet for two single-family residences located on one lot in a R-1 residential zone. Because both dwellings predated the zoning ordinance, the mobilehome is a legal noncon-forming use and the lot size of the two single-family dwellings constitutes a legal nonconformity as to area.

The landowners, to accommodate an increase in the size of their family, seek permission to construct a mod-ular home in place of the mobilehome. A modular home is a conforming use in a R-1 residential zone. The zon-ing hearing board, after a hearing, denied the request on the ground that the replacement of the mobilehome with a modular home did not constitute a valid expan-sion or continuation of the legal nonconforming use, and because no variance was warranted as to the minimum area nonconformity. Trial Judge ADAMS, after a *de novo* hearing, affirmed the decision of the zoning hearing board. On appeal, the landowners do not pursue the variance question, and we therefore will not consider it.

The landowners characterize the issue on appeal as involving the natural expansion of a nonconforming use, the mobilehome. However, this court's analysis indicates that this case actually involves the replacement of the mobilehome nonconforming use with a conforming use, a modular home, remaining in nonconformity as to the lot area requirement.

Even if this court were to accept the landowners' characterization of the issue as whether the replacement of the nonconforming mobilehome with a modular home is allowable as a natural expansion and modernization of the nonconforming use, that doctrine does not apply here.

The law in Pennsylvania is well established; a municipality cannot prohibit the natural expansion of a nonconforming use which accommodates the dictates of business and modernization, *Feldman v. Zoning Hearing Board of the City of Pittsburgh,* 89 Pa. Commonwealth Ct. 237, 492 A.2d 468 (1985). The courts, however, have invariably applied this doctrine to commercial or rental housing property, to allow for an increase of business. Because the expansion requested in this case relates to a nonconforming private residence, the natural expansion doctrine is not applicable.

Further, no such doctrine is pertinent to replacement of a nonconforming use with a conforming use, when nonconformity as an area requirement would continue to exist. As Judge ADAMS well stated:

> The erection of a permanent modular home would normally be a conforming structure in an area such as this, which is zoned R-1, absent some other provision of the zoning ordinance which would render it nonconforming. In the instant case, there is another provision of the South Union Township Zoning Ordinance which would prohibit appellants from erecting the permanent modular home on the rear portion of their lot.
>
> Section 401.1 of the zoning ordinance requires a minimum lot area of 11,250 square feet per family. Because appellants' lot measures less than 15,000 square feet, and a permanent residential dwelling is erected on the front portion of that lot, the erection of a second permanent residence on the rear portion of the lot would violate the zoning ordinance.

*Tantlinger v. Zoning Hearing Board of South Union Township,* (No. 934 of 1984 G.D., filed June 28, 1985), slip op. at 9.

The landowners next argue that replacement of the nonconforming mobilehome with a modular home is allowable as a continuation of a nonconforming use.

Property owners have a constitutional right to continue a nonconforming use, unless the municipality proves that such use has been abandoned. *Baird v. Zoning Board of Adjustment of Slippery Rock Borough,* 20 Pa. Commonwealth Ct. 236, 340 A.2d 904 (1975). In *Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971), this court stated:

> [T]he abandonment of a nonconforming use and the consequent determination of any legal right thereto results from a concurrence of facts, circumstances, and the intention of the owner of the premises or other person entitled to the use. Intention with respect to the abandonment of a nonconforming use is to be ascertained from overt acts, or failure to act, as well as statements.

2 Pa. Commonwealth Ct. at 95, 277 A.2d at 183. The intent to abandon a use may be shown by structural alterations to the building, inconsistent with continuance of the nonconforming use. *Smith v. Board of Zoning Appeals of the City of Scranton,* 74 Pa. Commonwealth Ct. 405, 459 A.2d 1350 (1983).

Clearly, the complete removal of a nonconforming structure, and replacement of it with a different type of structure, is an abandonment of the nonconforming use thus eliminated, and is inconsistent with the concept of continuing it.

Accordingly, the sound order of Judge ADAMS of the Court of Common Pleas of Fayette County is affirmed.

ORDER

NOW, January 8, 1987, the order of the Court of Common Pleas of Fayette County, at No. 934 of 1984 G.D., dated June 28, 1985, is affirmed.