658 A.2d 741

**Guy M. TRETTEL and Sandra E. Trettel**

**v.**

**The ZONING HEARING BOARD OF HARRISON TOWNSHIP and Brackenridge Heights Country Club.**

**Appeal of BRACKENRIDGE HEIGHTS COUNTRY CLUB.**

Supreme Court of Pennsylvania.

Argued March 9, 1995.

Decided May 12, 1995.

Ronald J. Brown, Grogan, Graffam, McGinley & Lucchino, P.C., Pittsburgh, David P. Strellec, Tarentum, for appellants.

Michael A. Donadee, Christopher C. Hoel, Buchanan Ingersoll, P.C., Pittsburgh, for Guy and Sandra Trettel.

Blaine A. Lucas, Mollica, Murray & Hogue, Pittsburgh, for Zoning Hearing Bd. of Harrison Tp.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.

The Court of Common Pleas of Allegheny County affirmed a decision of the Zoning Hearing Board of Harrison Township allowing Brackenridge Heights Country Club to construct a maintenance shed on its property. The Commonwealth Court, in a memorandum decision, reversed. The present appeal, by allowance, ensued.

Guy M. Trettel and Sandra E. Trettel own residential property adjacent to the country club. For nearly sixty years a maintenance shed, used for the storage of equipment, stood at the edge of the country club's golf course. The shed was fourteen feet from the Trettels' property line. A zoning ordinance required a seventy-foot setback. The shed predated the ordinance and was, therefore, a valid nonconforming use.

By 1991, the shed, after its many years of use, was in a dilapidated condition. The club sought permission from the township to demolish the shed and build a new one. A building permit was granted. The permit specified that the new shed was to occupy exactly the same site as the old one. It also specified the dimensions of the new shed. The sides that ran roughly parallel to the property line were to be fifty-five feet in length. This was the same as the length of the old shed. The sides that were nearly perpendicular to the property line were to be thirty feet, this being ten feet greater than the width of the old shed. The increased width extended in the direction of the golf course rather than towards the property line. Thus, the new shed was to be exactly the same distance from the property line as its predecessor, and the side facing the Trettels was to be the same length as before.

The Trettels appealed issuance of the building permit. The Zoning Hearing Board (board) conducted a hearing and upheld the permit. The Trettels appealed to the Court of Common Pleas. The court affirmed on the record of the proceedings before the board.

The Commonwealth Court reversed, holding that the only provision in the zoning ordinance that permits reconstruction of nonconforming uses is section 301(3), which allows reconstruction following a "casualty." Section 301(3) provides:

Any nonconforming structure damaged by fire, flood, explosion or other casualty may be reconstructed and used as before if such reconstruction is performed within twelve months of such casualty, and if the restored structure has no greater coverage and contains no greater cubic content than before such casualty.

Because the shed had not been destroyed by a "casualty," the Commonwealth Court concluded that reconstruction of the shed was prohibited. The club contends that this rationale ignores other provisions of the ordinance which give discretion to the board to allow the continuation of nonconforming structures in cases where there has been no loss through casualty. We agree.

■ Section 301(1) of the ordinance provides, in pertinent part, as follows:

A nonconforming use may be continued but may not be extended, expanded, or changed unless to a conforming use, except as permitted by the Zoning Hearing Board in accordance with the following standards:

A. The extension, expansion or new use will not cause any condition that will be dangerous, injurious or otherwise detrimental to the health, safety and welfare of the neighborhood; and

B. The extension, expansion or new use, if abutting a zoning district boundary, will not be detrimental to the uses permitted in the adjoining zoning district; and

C. The extension, expansion or new use will not fundamentally alter the character of the neighborhood.

█ This section makes it plain that a nonconforming use may be continued,* and that changes and extensions of the use are permitted at the discretion of the zoning board in any case where the surrounding neighborhood will not suffer a detrimental impact. Here, the board expressly found that the new shed would not constitute an unreasonable extension of the prior nonconforming use, that the new shed would not affect the welfare of the Trettels or other residents of the area to any greater extent than did the old shed, and that the new shed would not cause any substantial harm to the public's health, safety, or welfare.

█ The scope of appellate review in a case such as this, where the trial court has taken no additional evidence, is limited to determining whether the zoning board committed an error of law or a manifest abuse of discretion. *Appeal of Miller*, 511 Pa. 631, 635, 515 A.2d 904, 906 (1986). Here, the record provides ample support for the board's decision. Given the high degree of similarity between the old and new sheds in terms of their position, size, and use, there was a sound basis for the board's conclusion that the old shed could be replaced without causing detriment to the neighborhood. No error of law or abuse of discretion occurred.

In short, the board properly upheld issuance of a building permit for the new shed. The decision of the Commonwealth Court to the contrary must, therefore, be reversed.

Order reversed.

---

* The only provision in the ordinance that limits the continuation of nonconforming uses is found in section 301(4), which prohibits the resumption of nonconforming uses that have been discontinued for one year or abandoned. It is not claimed that the club ever abandoned the old shed or ceased using it. The ordinance contains no prohibition on the repair or replacement of aging structures that are still in active use. This comports with *PA Northwestern Distributors, Inc. v. Zoning Hearing Board*, 526 Pa. 186, 192, 584 A.2d 1372, 1375 (1991), wherein we stated, "A lawful nonconforming use establishes in the property owner a vested property right which cannot be abrogated or destroyed, unless it is a nuisance, it is abandoned, or it is extinguished by eminent domain."

NIX, C.J., and ZAPPALA, J., concur in the result.

MONTEMURO, J., is sitting by designation.