David MONEY, Appellant,

v.

**ZONING HEARING BOARD OF HAVERFORD TOWNSHIP and Haverford Township.**

Commonwealth Court of Pennsylvania.

Argued May 15, 2000.
Decided July 13, 2000.

Brian S. Quinn, Havertown, for appellant.

Paul J. Winterhalter, Philadelphia, for appellees.

Before DOYLE, President Judge, FRIEDMAN, J., and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

David Money (Landowner) appeals from an order of the Court of Common Pleas of Delaware County (trial court) which affirmed the decision of the Zoning Hearing

Board of Haverford Township (ZHB) denying Landowner's application for a building permit to replace one nonconforming use with another. We reverse and remand.

Landowner applied to Haverford Township (Township) for a building permit to replace a deteriorated, nonconforming garage/chicken coop with a smaller nonconforming garage.[1] (O.R., Township's letter of Oct. 5, 1995.) Landowner's property is zoned R–6, Medium Density Residential. Under the Township zoning ordinance (Zoning Ordinance), an accessory garage in that zoning district may be no larger than twenty-five feet by twenty-five feet. (ZHB Findings of Fact, Nos. 2, 7; § 182–711.B(2) of the Zoning Ordinance.) Landowner's proposed garage, measuring twenty-four feet by thirty-two feet, would exceed that limit. Landowner, however, contends that he is entitled to build the proposed garage as a replacement of a lawful nonconforming structure.[2]

1.  Due to the old garage/chicken coop's deterioration, the Township had brought a criminal action against Landowner alleging his failure to maintain the structure. As a result of a plea agreement in that case, Landowner was found guilty of one count of violating section 58.3 of the Township's Ordinance and fined the sum of $1.00, under the condition that Landowner raze and remove the old garage/chicken coop within 45 days of the order and proceed with his pending application before the ZHB for authorization to build a new garage. (ZHB's Findings of Fact, No. 5; trial court op. at 3.) The trial court entered the order on December 4, 1996. (*See* Attachment to Township's brief.) At oral argument, the parties stipulated that the trial court's order was to be part of the record.

2.  The prior nonconforming structure was a 30' × 40' garage with an attached 30' × 7' chicken coop on one side, making the entire structure 30' × 47'. (ZHB's Findings of Fact, No. 4; trial court op. at 1, 3.) Although Landowner's application to the ZHB originally sought permission to build a garage measuring 25' × 35', Landowner subsequently amended his application by reducing the proposed dimensions to 24' × 32'. (ZHB's decision and Findings of Fact, No. 5; O.R., Landowner's Application to ZHB; O.R., amended application; N.T. at 8; R.R. at 8a.) The

When the Township denied his application for a building permit, Landowner appealed to the ZHB, which denied his appeal based on five provisions of the Zoning Ordinance. On appeal, the trial court found that four of the provisions relied upon by the ZHB were inapplicable and, therefore, the ZHB committed errors of law. (R.R. at 85a–86a.) Nevertheless, the trial court affirmed the ZHB and denied Landowner's appeal, concluding that this court's decision in *Tantlinger v. Zoning Hearing Board of South Union Township*, 103 Pa.Cmwlth. 73, 519 A.2d 1071 (1987), prohibited the replacement of one nonconforming structure with another. (Trial court op. at 4–5.)

■ In his appeal to this court,[3] Landowner contends that the ZHB committed an abuse of discretion and an error of law when it denied Landowner a building permit because the area of Landowner's proposed garage exceeds the maximum permitted by section 182–711.B(2) of the Zoning Ordinance.[4] Specifically,

height of the proposed garage is 12 feet, which is in compliance with the zoning ordinance. *See* § 182–711.B(2). The proposed garage would be capable of housing three vehicles. (N.T. at 13; R.R. at 13a.) It would have two front doors for vehicles (one measuring nine feet wide; the other measuring 16 feet wide) and one side entry door. (N.T. at 12; R.R. at 12a.)

3.  In zoning appeals, as here, where the trial court takes no additional evidence, this court's scope of review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law. *See Baker v. Chartiers Township Zoning Hearing Board*, 677 A.2d 1274, 1276 (Pa. Cmwlth.1996), *appeal denied*, 547 Pa. 738, 690 A.2d 238 (1997). A conclusion that the zoning hearing board abused its discretion may be reached only if the zoning hearing board's findings are not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bailey v. Upper Southampton Township*, 690 A.2d 1324 (Pa.Cmwlth.1997).

4.  As noted, the ZHB also relied on four other provisions of the Zoning Ordinance to deny Landowner a building permit. We agree with

Landowner claims that the ZHB erred in rejecting Landowner's argument that he is entitled to erect the proposed garage as a continuation of a nonconforming use—i.e., the replacement of a lawful nonconforming structure. Landowner also asserts that the trial court[5] erred in relying upon *Tantlinger* for the proposition that the replacement of "one nonconforming structure with another nonconforming struc-ture" is prohibited. (*See* trial court op. at 4.) We agree.

■ "A lawful nonconforming use[6] establishes in the property owner a vested property right which cannot be abrogated or destroyed unless it is a nuisance, it is abandoned or it is extinguished by eminent domain." *Keystone Outdoor Advertising v. Department of Transportation*, 687 A.2d

---

the trial court that the ZHB erred in relying upon those provisions because none is applicable. The first of those provisions, section 182–802.B(1), pertains to extensions, enlargements or additions to a nonconforming use, building or structure. (Trial court op. at 3.) Because, here, Landowner proposes to **replace** the old garage/chicken coop, reducing the nonconformity, and not to extend, enlarge or add to it, the ZHB's conclusion that section 182–802.B(1) barred the new garage was an error of law.

The second provision, section 182–802.E(1), requires the termination of a nonconforming use where "fifty percent (50%) or more of the bulk of **all** buildings, structures and other *improvements on the lot*" are damaged or destroyed. (Trial court op. at 3, R.R. at 84a.) (Emphasis added.) Because Landowner's lot contains a house in addition to the old garage/chicken coop, 50% of **all** the buildings on the lot had not been destroyed. Therefore, the ZHB improperly relied upon this provision. (Trial court op. at 3–4.)

The third provision, section 182–802.B(2), although generally prohibiting structural alterations to nonconforming uses, permits structural alterations where the alterations "reduce the nonconformity." § 182–802.B(2). Here, because the structural alteration proposed by Landowner would reduce the nonconformity, it is not prohibited by the first clause of section 182.802.B(2). The second clause of section 182–802.B(2) governs the moving of a nonconforming structure to another location. Inasmuch as Landowner proposes to replace the old garage/chicken coop, and not to move it, the second clause of section 182–802.B(2) likewise may not serve as a basis to prohibit the proposed garage. Thus, section 182–802.B(2) is irrelevant here. (*See* trial court op. at 3.)

The fourth provision, section 182–706.A, identifies seven prohibited uses in various zoning districts (e.g. adult book stores, mobile homes and storage of flammable liquids); it makes no reference to garages. It appears that the ZHB intended to cite section 182–711.B(2), which limits garages to an area no larger than 25' by 25', provides that a garage door may not "exceed seven (7) feet six (6)

inches in height and sixteen (16) feet in width..." and states that the total height to peak may not exceed 15'. Because Landowner's two proposed garage doors measure only 16 feet and nine feet wide respectively, they are in conformity with the width limitations of the Zoning Ordinance. Likewise, the proposed garage's height at 12', (O.R., Exhibit A–6), conforms to the Zoning Ordinance. Finally, neither the ZHB's decision nor other parts of the record indicate that the proposed doors exceed the height limitation. Consequently, the only basis for the ZHB's denial of Landowner's appeal is the fact that the area of Landowner's proposed garage exceeds the 25' × 25' maximum permitted by section 182–711.B(2) of the Zoning Ordinance.

5. "Where allegations of error concern actions of the trial court rather than the ZHB, this court will review those issue(s) to determine if the trial court committed an abuse of discretion or an error of law." *Rural Area Concerned Citizens, Inc. v. Fayette County Zoning Hearing Board*, 166 Pa.Cmwlth. 520, 646 A.2d 717, 725 n. 8 (1994), *appeal denied*, 540 Pa. 636, 658 A.2d 798 (1995).

6. Section 107 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10107, defines a nonconforming use as "a use, whether of land or of structure, which does not comply with the applicable use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such use was lawfully in existence prior to the enactment of such ordinance or amendment, or prior to the application of such ordinance or amendment to its location by reason of annexation." A nonconforming structure is defined as "a structure or part of a structure manifestly not designed to comply with the applicable use or extent of use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such structure lawfully existed prior to the enactment of such ordinance or amendment or prior to the application of such ordinance or amendment to its location by reason of annexation." *Id.*

47, 51 (Pa.Cmwlth.1996), *appeal denied,* 548 Pa. 675, 698 A.2d 597 (1997). Here, the sole issue is whether Landowner abandoned the nonconforming use.[7] The Township[8] contends that Landowner abandoned the nonconforming use by allowing the old garage/chicken coop to fall into a state of disrepair. The Township argues that the dilapidated condition of the old garage/chicken coop prevented the structure from being used as a garage for a substantial period of time and supports the conclusion that the use was abandoned. (Township's brief at 12.)

■ As the party claiming the abandonment, the Township bears the burden of proving that Landowner abandoned the nonconforming use. *Latrobe Speedway, Inc. v. Zoning Hearing Board of Unity Township,* 553 Pa. 583, 720 A.2d 127 (1998). To sustain its burden of proof, the Township must show that (1) Landowner intended to abandon the nonconforming use and (2) Landowner actually abandoned the use consonant with his intention. *See Latrobe Speedway; Smith v. Board of Zoning Appeals of City of Scranton,* 74 Pa.Cmwlth. 405, 459 A.2d 1350 (1983). Here, the Township has failed to meet its burden of proving either Landowner's intent to abandon or actual abandonment.

■ With respect to Landowner's intent to abandon the use, we observe that a landowner's failure to use property for a period of time designated by a zoning ordinance is evidence of the intention to abandon. *See Latrobe Speedway.* Here, section 182–802.C(1) of the Zoning Ordinance provides, "If a nonconforming use of land or building ceases operations for a continu-

ous period of more than six (6) months, then this shall be deemed to be an intent to abandon such use, and any subsequent use of land shall conform to the regulations of this chapter." The effect of this ordinance is to create a presumption in favor of an intent to abandon where a use is discontinued for more than six months. *See Smith.*

■ Here, however, the Township did not prove that Landowner had failed to use the old garage/chicken coop for more than six months before he applied for the building permit. Indeed, the evidence is to the contrary. At the hearing, Landowner testified that he used the dilapidated garage/chicken coop to store a car, "some wood and ... a couple of cases of ... coffee mugs." (N.T. at 21; R.R. at 21a.) The ZHB did not reject or discredit that testimony; nor did any evidence contradict Landowner's testimony in that regard.

■ However, we acknowledge that, even where a landowner has used the building within the prior designated time period, structural alterations to a building that are inconsistent with continuance of the nonconforming use may establish both intent to abandon and actual abandonment. *See Smith.* Indeed, this was the basis of our conclusion in *Tantlinger.* In that case, the landowners replaced a nonconforming mobile home with a modular home, which was a conforming use, arguing, *inter alia,* entitlement to do so as a continuation of a nonconforming use.[9] Rejecting this argument, we explained, "Clearly, the complete removal of a nonconforming structure, and **replacement of it with a different type**

---

7. At oral argument, the Township stated that, if it lost on the issue of abandonment, Landowner was entitled to build the proposed garage.

8. Appellees, the Township and ZHB filed a single brief; for the sake of convenience, we refer to the arguments made in the Township's and ZHB's joint brief as the Township's.

9. In *Tantlinger,* the landowners' lot contained two dwellings – a conventional house and a mobile home. The zoning ordinance required a minimum lot size of 22,500 square feet for two dwellings. Although the landowners' lot size was less than the minimum required for the two dwellings, the mobile home was a valid nonconforming use and the lot size was a legal nonconforming use as to area because the dwellings predated the zoning ordinance's minimum lot requirement.

of structure, is an abandonment of the nonconforming use thus eliminated, and is inconsistent with the concept of continuing it." *Tantlinger*, 519 A.2d at 1074 (emphasis added). Thus, contrary to the trial court's interpretation, *Tantlinger* does not prohibit the replacement of "one nonconforming structure with another nonconforming structure," (*see* trial court op. at 4); rather, it prohibits only the replacement of a nonconforming structure with a different type of structure.

■ Here, Landowner proposes to replace the old garage/chicken coop with a **similar** structure—a garage. Because both structures are nonconforming as to area, it cannot be said that Landowner is abandoning the nonconforming use by building the new garage. Unlike the situation in *Tantlinger*, Landowner's proposed replacement garage is a continuation, not an abandonment, of a nonconforming use.

Courts have permitted landowners to demolish nonconforming structures and replace them with new nonconforming structures. For example, in *Amoco Oil Co. v. Ross Township Zoning Hearing Board*, 57 Pa.Cmwlth. 376, 426 A.2d 728 (1981), we held that the razing of a building that is a nonconforming use does not eliminate the landowner's right to continue that use by erection of another building also nonconforming as to use. Similarly, in *Trettel v. Zoning Hearing Board of Harrison Township*, 540 Pa. 430, 658 A.2d 741 (1995), our supreme court granted a country club per-

mission to demolish its old, dilapidated nonconforming maintenance shed [10] and replace it with a new one on exactly the same site.

■ We recognize that, where a building has become so dilapidated that complete reconstruction is necessary, a zoning ordinance **may** bar reconstruction in the interest of the public health, safety, morals or general welfare. *Antonini v. Zoning Hearing Board of Marple Township*, 95 Pa.Cmwlth. 420, 505 A.2d 1076 (1986), appeal denied, 516 Pa. 614, 531 A.2d 781 (1987).[11] However, such a restriction "must be specifically set forth in the ordinance and, absent such regulations, a landowner seeking to continue a valid nonconforming use must be permitted to do so." *Zeiders v. Zoning Hearing Board of Adjustment of West Hanover Township*, 39 Pa.Cmwlth. 645, 397 A.2d 20, 21 (1979). Thus, in *Zeiders*, because no ordinance prohibited demolition and rebuilding, this court permitted a nursery business, as a continuation of a nonconforming use, to remove and rebuild a shade house that was nonconforming as to setback requirements.

■ Here, because the Zoning Ordinance does not specifically bar rebuilding a razed nonconforming structure, (*see* trial court op. at 4), Landowners are not *per se* prohibited from doing so. As in *Trettel*, the Township's Zoning Ordinance permits continuation of lawful nonconforming uses.[12] In *Trettel*, the landowners were

---

**10.** The shed was nonconforming in that it violated setback requirements.

**11.** In *Antonini*, a landowner razed and rebuilt an office building in a district zoned residential. The municipality's ordinance stated that "No building which has been razed shall be rebuilt, except in conformity with the regulations of this ordinance." *Antonini*, 505 A.2d at 1077. Based on the ordinance's explicit prohibition against rebuilding razed nonconforming buildings, this court refused to allow the replacement. *Compare Whitehall Township v. B P Oil, Inc.*, 46 Pa.Cmwlth. 144, 406 A.2d 250 (1979) (permitting a landowner to raze and reconstruct a gas station despite the gas station's continuing nonconformity as to

use due to its proximity to other gas stations where no ordinance prohibited rebuilding).

**12.** Section 182–802.A of the Zoning Ordinance provides:

> Continuation. Lawful uses located either within a building or other structure or part thereof or on the land or in combination of both which, at the effective date of this chapter or subsequent amendment thereto, become nonconforming may be continued so long as they remain otherwise lawful, including subsequent sales of the property. Additionally, section 182–802.E permits continuation of a nonconforming use after damage so long as the damage does not extend to

permitted to replace a dilapidated shed with a new one of identical dimensions continuing the identical setback nonconformity. Here, Landowner seeks to replace his dilapidated garage/chicken coop with a new garage of reduced, though still nonconforming, dimensions.[13] Under *Trettel* and *Zeiders*, he is entitled to do so, and it was error for the ZHB and trial court to hold otherwise.

Accordingly, we reverse the order of the trial court, and we remand this matter to the trial court for remand to the ZHB so that the ZHB may grant Landowner a building permit.

### ORDER

AND NOW, this 13th day of July, 2000, the order of the Court of Common Pleas of Delaware County, dated June 30, 1999, is reversed, and this matter is remanded to the trial court with instructions to remand to the Zoning Hearing Board of Haverford Township with directions to grant the request of David Money for the issuance of a building permit.

Jurisdiction relinquished.

50% or more of the bulk of **all** the buildings, structures and other improvements on the lot.

13.  We note that, here, Landowner's proposed garage satisfies all setback requirements. (N.T. at 8, 15; R.R. at 8a, 15a.)