Cynthia ROBERTSON, Appellant

v.

**HENRY CLAY TOWNSHIP ZONING HEARING BOARD and Henry Clay Township.**

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 2006.

Decided Nov. 14, 2006.

Robert W. Kennedy, Jr., Pittsburgh, for appellant.

Valerie M. Schwab, Uniontown, for appellee, Henry Clay Township Zoning Hearing Board.

Mary L. Hajduk, Uniontown, for appellee, Henry Clay Township Board of Supervisors.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

Cynthia Robertson appeals from the order of the Court of Common Pleas of Fayette County (common pleas), which, following a de novo hearing, ruled, in agreement with the Township's Zoning Hearing Board (ZHB), that Robertson violated the zoning ordinance when she erected a structure on her small creek-side lot without first obtaining a permit, and denied her request for variances from setback requirements.[1] We affirm as to the enforcement issue but reverse and remand for the grant of variances.

---

1. When common pleas takes additional evidence, our review looks to whether common pleas' decision, rather than that of the ZHB, is supported by the evidence and free of legal error. *See East Marlborough Township v. Jensen*, 139 Pa.Cmwlth. 297, 590 A.2d 1321, 1323 (1991).

Robertson owns a .26–acre lot, located in the Township's Agricultural Zoning District, where the permitted uses are limited to: agricultural, greenhouses, group care facilities, breweries, public areas and buildings, nurseries, single-household detached dwellings and wineries.[2] The lot runs long and very narrow between the road in front and the creek in back; it is only 35–feet at its widest point between the road and the creek. Beginning in the 1950's, when Robertson's aunt and uncle owned the property, the extended family used it as a weekend/vacation retreat, staying in a camper/recreational vehicle with an attached wooden porch that remained on the site. Robertson testified that the original camper plus porch measured approximately 15 by 28 feet. Robertson's parents took over control of the property in approximately 1973, continuing the same use with the same camper on the property. Some time before the early 1970's, the family dug a well and erected a cinder block outhouse with electric service. In 2001, Robertson acquired the property and, in 2002, removed the old camper, which had deteriorated. In 2003, Robertson applied to the Township for a permit to construct a "block/frame" structure measuring approximately 16 by 24 feet in order to continue use of the property as a "camp." The Township denied her application in a letter stating, as the only reason, the lack of compliance with setbacks under Article VII, Section 700 of the zoning ordinance. Article VII establishes the

regulations applicable to the Agricultural District, providing: "No structure may be built, constructed, or enlarged unless the following minimum yard setback requirements will be complied with: Front: 100 feet; Rear: 50 feet; Side: 20 feet."

Despite the lack of a permit, Robertson commenced construction of a structure, she described as a "trailer," 14 by 28 feet in size. Robertson's contractor, Jim Merschat, explained that he built the structure on the site rather than towing a completed structure onto the site. He described the structure as wood frame construction bolted atop a metal frame that has two axles with wheels and an attached towing ball; concrete blocks under the metal frame lift and stabilize the structure. Merschat explained that he roughed in some plumbing for possible eventual sink hook-up to the well but did not provide for a bathroom. After construction began, the Township's zoning officer issued an enforcement letter, informing Robertson that construction without a permit violated Section 1302 of the zoning ordinance and directing removal of the structure within ten days. Robertson appealed the enforcement notice to the ZHB, challenging the zoning officer's conclusion that a zoning permit was required in order to replace the old camper. Robertson asserted that the camper was either not regulated under the zoning ordinance or a pre-existing nonconforming use she is entitled to continue.[3] In the alternative, Robertson requested variances necessary to

2. Additionally, the ordinance provides for the following conditional uses: "home occupations, public utilities, home offices, planned development." Zoning Ordinance Section 701B.

3. In addition, Robertson challenged the enforcement notice on the ground that it failed to comply with the content and form requirements under Section 616.1 of the Municipalities Planning Code, Act of July 31, 1968, P.L.

805, added by the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10616.1. The ZHB did not address this issue and Robertson did not pursue it in her appeal to common pleas. On the ZHB application form, Robertson also checked the space for a special exception but, inasmuch as the zoning ordinance does not provide for uses by special exception in the Agricultural District, this request is superfluous.

permit erection of a structure on an undersized lot and with encroachment into the set backs. Following a hearing, the ZHB rejected Robertson's contention that the new structure merely continued the pre-existing nonconforming use. The ZHB distinguished the new structure from the prior camper on the ground that it lacks the mobility of the camper in that it was built on site and, due to two trees blocking its passage, it cannot readily be driven off the site. Furthermore, it lacks the on-board sewage containment that existed in the earlier camper. Finally, the ZHB opined that Robertson was not entitled to variances because any hardship was self-created. Based on these findings and conclusions, the ZHB denied relief, opining that it "is not dissuading Petitioner from the use of her lot. She certainly can utilize it as she has in the past. She cannot, however, utilize a structure which clearly violates the Ordinance." ZHB Decision at 5. Robertson appealed to common pleas.

Without objection, common pleas conducted a de novo hearing. Common pleas found that Robertson abandoned the pre-existing nonconforming use as a camp, desired a permanent structure on the property and, when denied a permit therefore, proceeded to construct a "building," not a "trailer," without the prerequisite zoning permit, and failed to establish grounds justifying a variance. Finally, common pleas rejected Robertson's assertion that the Township violated state and federal constitutional due process rights, opining that, in her averments accompanying her land use

appeal, she failed to state facts supporting this claim. Therefore, common pleas sustained the decision of the ZHB. Thereafter, Robertson filed the present appeal.

On appeal, Robertson challenges the findings that the structure is a "building," a permanent structure requiring a permit, rather than a "trailer," a temporary structure to which Robertson contends the zoning ordinance does not apply, and that she abandoned her pre-existing use of the previous structure. Robertson also challenges the denial of variance relief, contending that the dimensions of her lot preclude compliance with any dimensional requirements. Finally, Robertson reasserts that the Township violated her constitutional rights and asserts that this entitles her to an order directing the Township to pay her attorney's fees. Robertson premises her procedural and substantive due process claims on allegations she believes demonstrate that the supervisors and zoning officer acted improperly in directing cessation of construction and that a ZHB member made a statement that showed bias against her application for zoning relief.[4] Robertson also contends that the ZHB discriminated against her in refusing to approve her structure while permitting similar structures on other lots.

■ Based on an assumption shared by the parties, common pleas undertook an analysis that distinguished a trailer, which all agreed did not require a permit, from a building, which required a permit, and found that Robertson's structure was a

---

**4.** In particular, Robertson asserts: (1) that the zoning officer improperly issued the enforcement notice based solely on an anonymous report; (2) that the Township's supervisors acted improperly and in violation of the Sunshine Act when they discussed the matter of her trailer construction privately while driving to the site in the same car; (3) that the supervisors usurped the authority of the zoning officer when they directed cessation of construction while visiting the site; (4) that a ZHB member stated prior to the hearing that Robertson's structure should not be allowed; and (5) that the zoning officer arbitrarily denied the permit application.

building. Section 1302 of the ordinance, however, provides:

> **Building Permit:** No building, structure, or sign shall be erected, constructed, moved, added to, or structurally altered, nor land be put to use without a permit therefore, issued by the Zoning Officer. No such permit shall be issued except in conformity with the provisions of this Ordinance, or upon written order from the Zoning Hearing Board in the form of an administrative review, special exception, or variance as provided by this Ordinance or by the Court.

This requirement does not make the distinction assumed crucial by the parties and the trial court. Rather, the ordinance requires a permit for any structure, a term broadly defined therein as, "[a]ny man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to land." This definition encompasses a building, defined as, "[a]ny structure having a roof supported by columns or walls, for the shelter, housing, or enclosure of any individual, animal, process, equipment, goods or materials of any kind," as well as a trailer, defined as, "[a] structure standing on wheels, towed or hauled by another vehicle, and used for short-term human occupancy, carrying of materials, goods or objects, or as a temporary office." Consequently, regardless of which label applies to Robertson's structure, she violated the ordinance by undertaking construction without the prerequi-

site permit.[5] The Township appropriately ordered the construction stopped until she obtained a permit.

█ In order to obtain a permit, Robertson must demonstrate compliance with applicable ordinance regulations, both use and dimensional, or establish a right to maintain pre-existing nonconformities or obtain a variance from applicable regulations. The activities for which Robertson intends to use the property do not amount to a use explicitly allowed in the district; therefore, Robertson may legally continue this use only if it is an unabandoned pre-existing nonconforming use or she obtains a use variance, a request she has not made. It is undisputed that, for many years pre-dating the enactment of the zoning ordinance, Robertson's family used the permanently located camper as a cabin-like structure for camping. In addition, they dug a well and built an outhouse. The salient characteristics of the use are family camping and recreation, on weekends and vacations, employing a small shelter with a hard roof and walls, but without indoor plumbing.[6] Without explicitly labeling this use, common pleas ruled that Robertson abandoned it when she removed the camper.

█ Robertson correctly asserts that the evidence is insufficient to establish that she abandoned the long-standing use of the property for family camping and recreation on weekends and vacations. The

---

5. Moreover, the definition of structure encompasses a recreational vehicle permanently situated on a lot. A "recreational vehicle" is defined as, "[a] vehicle-type portable *structure* without permanent foundation that can be towed, hauled, or driven and primarily designed as a temporary living accommodation for recreational, camping, and travel use and including (sic)." (emphasis added). Thus, it appears that the former camper satisfies this definition, particularly since a porch, constructed ad hoc at the site, had been attached.

Therefore, contrary to the conclusion of the ZHB and common pleas, Robertson required a permit even to replace the camper she removed from the property with another permanently situated vehicle.

6. The zoning ordinance defines a "use" as, "[t]he purpose or activity for which land or buildings are designed, arranged, or intended or for which land or buildings are occupied or maintained."

Township, as the party asserting abandonment, had the burden to prove that Robertson intended to and actually did abandon the prior use. *Latrobe Speedway, Inc. v. Zoning Hearing Bd. of Unity Township,* 686 A.2d 888, 890 (Pa.Cmwlth.1996). It is well-established that, even where an ordinance contains a provision directing that discontinuation of a use for a prescribed time-period constitutes abandonment, proof of such discontinuance alone will not satisfy the Township's burden.[7] *Id.* A municipality must establish not only a discontinuation but also actual intent on the part of the property owner to abandon the use. Hence, the Township must establish that Robertson intended to abandon the use, not just that she discontinued it temporarily by removing the dilapidated camper the family previously occupied. Here the record contains no evidence of such intent. To the contrary Robertson made prompt and persistent efforts to replace the camper.

Common pleas relied on *Tantlinger v. Zoning Hearing Bd. of South Union Township,* 103 Pa.Cmwlth. 73, 519 A.2d 1071 (1987) for its conclusion that simply removing the prior camper and replacing it with the wood frame structure constituted abandonment of the prior use. The case does not support this conclusion. In *Tantlinger,* the ordinance permitted, in the R–1 district, two single-family residences on a lot with a minimum area of 22,500 square feet. Prior to the enactment of the ordinance, the owner established two dwellings on a lot of less than 15,000 square feet, one a mobile home, a use not allowed in R–1, and the other a conventional house. The property owner sought, and the ZHB denied, permission to replace the nonconforming mobile home with a modular home, which the ordinance permitted in R–1. Common pleas affirmed, as did our court. We stated that the complete removal of a nonconforming use and replacement with a conforming use constitutes an abandonment of the nonconformity and, inasmuch as the lot's size could not legally accommodate both residences, the addition of the modular home would violate the ordinance. In the present case, Robertson does not seek to establish a new use. Rather, she seeks only to replace the old camper with a structure equally well suited to her continued use of the property as her family used it during the preceding fifty years. *See Money v. Zoning Hearing Bd. of Haverford Township,* 755 A.2d 732, 738 (Pa.Cmwlth.2000) (*Tantlinger* not applicable where landowner's proposed replacement building is similar to the old structure and serves to continue a preexisting nonconforming use). Robertson is entitled to continue this use.

Notably, Robertson's protected use is integrally tied to and dependent upon the placement of a structure functionally equivalent to the prior camper for the

---

**7.** Section 1206 of the Zoning Ordinance provides:

*Abandonment of Nonconforming Use:*

A. A nonconforming use, which has been abandoned shall not be returned to a nonconforming use. A nonconforming use shall be deemed abandoned when one (1) or more of the following conditions have been met:

1. The intent of the owner to discontinue the use is apparent. Examples of possible abandonment are: discontinued use of the structure, boarding up of windows or entrances, and maintenance or upkeep of structure discontinued.

2. A nonconforming use has been discontinued for a period of twelve (12) consecutive months or a total of twelve (12) months within a period of eighteen (18) months.

3. It has been replaced by a conforming use.

4. It has been changed to another nonconforming use under permit from the Zoning Hearing Board.

purpose of the protected use. Indeed, the concept of use, as we understand it in the law of zoning, routinely implicates both the activity to be conducted on the property and the type of structure or improvements suitable to accommodate that activity. The Township cannot thwart or unreasonably infringe on her right to continue the pre-existing use on the ground that the structure necessary to that use is not allowed. Moreover, we can perceive of no rational basis for limiting Robertson to only replacement of a camper rather than allowing the functional equivalent thereof.

■ We recognize that, in general, a municipality may direct in its ordinance that where a dimensionally nonconforming structure is razed, rebuilding must conform to the existing dimensional regulations. *See Antonini v. Zoning Hearing Bd. of Marple Township*, 95 Pa.Cmwlth. 420, 505 A.2d 1076 (1986). However, even where such a provision exists, dimensional nonconformity must be accommodated if it is necessary to avoid extinguishment of the pre-existing nonconforming use.[8] Under such a circumstance, the necessary variances must issue in order to avoid a taking. *Money*, 755 A.2d at 736 [*quoting Keystone Outdoor Adver. v. Dep't of*

*Transp.*, 687 A.2d 47, 51 (Pa.Cmwlth.1996) ("A lawful nonconforming use establishes in the property owner a vested right which cannot be abrogated or destroyed unless it is a nuisance, it is abandoned or it is extinguished by eminent domain.")]. In the present case, given the size and configuration of her lot, Robertson cannot locate the structure necessary to the continuation of her pre-existing use in compliance with the setbacks or the lot area requirements of the ordinance. Common pleas erred in concluding that Robertson's hardship is self-created; she merely inherited the lot, she did not create the site conditions that prevent dimensional conformance either by her acquisition or by removal of the dilapidated camper. Robertson is entitled to the minimum variances necessary to accommodate the proposed structure.[9]

However, Section 910.2(b) of the Municipalities Planning Code (MPC), 53 P.S. § 10910.2(b)[10] provides that "[i]n granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance." *See also Scalise v. Zoning Hearing Bd. of the Borough of West Mifflin*, 756 A.2d 163, 167 (Pa.

**8.** We note that the Township's zoning ordinance provides for the replacement of a nonconforming structure, in pertinent part, as follows:

> **Section 1203** *Nonconforming Structures, Alteration and Repair:*
> ....
> B. A nonconforming building or structure may be altered, repaired, enlarged, or reconstructed provided its nonconformity is not increased and the structure complies with other applicable requirements of this Ordinance.
> ....
> E. A nonconforming structure shall not be moved to any other location on the lot ... unless ... in conformance with the provisions of this Ordinance.

No one argues, and common pleas did not address, the impact of these provisions on the facts of this case and, inasmuch as this case can be resolved by the proper application of the legal principles addressed by the parties, we will not, in the first instance, impose our interpretation of these provisions.

**9.** Indeed, because the peculiar dimensions of the land would not allow any structure within the setback requirements, Robertson would be entitled to a variance even if she did not have a pre-existing non-conforming use. *See Detwiler v. Zoning Hearing Bd. of Lower Salford Township*, 141 Pa.Cmwlth. 597, 596 A.2d 1156, 1159 (1991).

**10.** Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329.

Cmwlth.2000). Particularly in light of the potentially sensitive position of Robertson's lot along the creek and road, the ZHB must be afforded the opportunity to impose reasonable conditions on the grant of variances. Therefore, we must remand this matter, for further remand to the ZHB, to permit a determination as to the minimum variances necessary to accommodate a structure, such as that presently under construction, suitable to the pre-existing nonconforming use as a week-end/vacation "camp" and for the imposition of reasonable conditions necessary to mitigate impacts detrimental to the public health, safety, and welfare.·

 Finally, we discern no merit in Robertson's assertions that the Township infringed on her rights to due process and equal protection. The record does not contain evidence supporting her contention that Township officials deliberately discriminated against her or arbitrarily abused their power in seeking her compliance with the ordinance or in deciding her request for variances. *Cf. Knipple v. Geistown Borough Zoning Hearing Bd.,* 155 Pa.Cmwlth. 120, 624 A.2d 766, 770 (1993) (where, after taking additional evidence, common pleas found that the municipality acted discriminatorily). The zoning provision calling for a permit is an absolute requirement applicable to all structures and admits no room for the exercise of discretion. Robertson admitted that she commenced construction without first obtaining a permit. With respect to her due process contentions, even accepting, *arguendo,* her contentions regarding procedural flaws in the Township's notice and hearing process, Robertson received appropriate procedural due process upon receipt of a de novo hearing before common pleas. Any substantive due process concern inherent in Robertson's inability to make reasonable use of her lot is alleviated by the grant of variances as herein directed.

Accordingly, we affirm common pleas insofar as its order sustained the enforcement notice and required Robertson to obtain a permit for the erection of any structure on her lot. However, we reverse common pleas' order insofar as it sustained the denial of variances and we remand for further proceedings in connection with Robertson's entitlement to variances, in accordance with the foregoing opinion.

### ORDER

AND NOW, this 14th day of November, 2006, the order of the Court of Common Pleas of Fayette County is hereby AFFIRMED IN PART and REVERSED IN PART. The order is AFFIRMED insofar as it sustained the enforcement notice and required the appellant to obtain a permit. The order is REVERSED insofar as it sustained the denial of variance relief. This matter is hereby REMANDED for further proceedings in connection with the application for variances, in accordance with the foregoing opinion.

Jurisdiction relinquished.